On January 15, 1997, Hussein Y. and Nancy A. Fouad filed a complaint in the Franklin County Court of Common Pleas against Robert E. Deis, Buckeye Real Estate ("Buckeye") and other defendants. Mr. Deis had owned and operated Buckeye, a real estate and rental property management company. The Fouads owned 48 rental apartments. The Fouads and Buckeye entered into a management contract whereby Buckeye provided rental and management services for the rental properties. Such services included the leasing of apartment units, collecting rents and other income, performing ordinary repairs and performing all services necessary for the management of the rental properties. The Fouads averred that in June 1992, an operating report prepared by Buckeye showed a balance of $83,993.72. The Fouads claimed this money was never paid to them and was kept by Buckeye and/or Mr. Deis. The Fouads set forth claims for relief of: breach of contract, unjust enrichment, conversion, breach of fiduciary duty and fraud.
Summary judgment was granted in favor of Buckeye. Other than Mr. Deis, the remaining defendants were eventually dismissed from the suit. On April 22, 1998, the trial court referred the matter to a magistrate for trial. On April 29, 1998, the magistrate submitted a report which included findings of fact and conclusions of law. The magistrate recommended the trial court grant judgment in favor of the Fouads in the amount of $83,993.72 plus interest.
On May 11, 1998, the Fouads filed objections to the magistrate's report. On May 13, 1998, Mr. Deis filed objections to the report. On May 19, 1998, the Fouads filed a motion to strike Mr. Deis's objections, contending Mr. Deis had objected to findings of fact but had failed to include a transcript of the proceedings pursuant to Civ. R. 53(E)(3)(b). On May 29, 1998, the trial court filed an entry stating Mr. Deis's objections were struck for being untimely. The trial court sustained the Fouads' objections and remanded the matter to the magistrate, instructing the magistrate to state on which claim judgment was granted and to address the issue of punitive damages.
On June 3, 1998, the magistrate submitted a supplemental report, indicating a recommendation of judgment for the Fouads of $83,993.72 for breach of contract. The magistrate concluded that punitive damages were not available for breach of contract. The Fouads filed objections to the supplemental report. On September 4, 1998, the trial court journalized a decision and entry, overruling the Fouads' objections and adopting the magistrate's original and supplemental reports.
Mr. Deis (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
ASSIGNMENT OF ERROR NO. 1
 The trial court erred as a matter of law in striking objections of Defendant-Appellant.
ASSIGNMENT OF ERROR NO. 2
 The trial court erred as a matter of law in admitting certain documentary evidence over the objection of Defendant-Appellant.
ASSIGNMENT OF ERROR NO. 3
 The trial court erred and abused its discretion in overruling motion of Defendant-Appellant for continuance of the trial date.
ASSIGNMENT OF ERROR NO. 4
 The trial court erred as a matter of law in excluding documentary evidence proffered by Defendant-Appellant.
In his first assignment of error, appellant contends the trial court erred in striking his objections to the magistrate's report. As indicated above, the trial court struck appellant's objections for being untimely. Appellant contends his objections were not untimely. Civ. R. 53(E)(3) states, in pertinent part:
(3) Objections
 (a) Time for Filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. * * *
The Fouads (hereinafter "appellees") filed their original objections on May 11, 1998. Appellant filed his objections on May 13, 1998. Appellant's objections were clearly filed within the time limits set forth in Civ. R. 53(E)(3)(a). Appellees contend appellant's objections were struck because appellant failed to file a transcript as required in Civ. R. 53(E)(3)(b). Civ. R. 53(E)(3)(b) states:
 * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. * * *
Appellees contend appellant's objections were based upon the magistrate's findings of fact and, therefore, appellant was required to file a transcript pursuant to Civ. R. 53(E)(3)(b). Appellant did not file a transcript. However, the trial court's decision/entry did not, as appellees assert, state appellant's objections were struck based upon such failure. Rather, the decision/entry states appellant's objections were struck because they were untimely. This was erroneous.
The requirements in Civ. R. 53(E)(3) that a transcript be filed if findings of fact are challenged and that objections be timely are separate and independent requirements. Both must be met in order for objections to be addressed. The record herein does not show that the trial court addressed the issue of which, if any, objections challenged findings of fact. For example, in his objections, appellant contended the magistrate erred in excluding certain evidence appellant allegedly received the day before trial. In the conclusions of law, the magistrate addressed this issue and concluded such proffered evidence should be excluded. The admission/exclusion of evidence is not a factual issue but rather a legal issue, and the magistrate correctly addressed this in the conclusions of law. It follows then that an objection to such conclusion does not challenge a finding of fact and, therefore, no transcript is required to support such objection.
Hence, as to appellant's objections that raised issues involving the admission/exclusion of evidence, such objections were properly before the trial court and should not have been struck. Appellant's second and fourth assignments of error involve the admission/exclusion of evidence and, therefore, this court will address such issues. However, given our disposition of the second, third and fourth assignments of error, the trial court's error in failing to address appellant's objections that involved the admission/exclusion of evidence (i.e. conclusions of law) was not prejudicial. For this reason, appellant's first assignment of error is overruled.
In his third assignment of error, appellant contends the trial court erred in failing to grant him a continuance of the trial date. The trial was originally scheduled to begin on January 26, 1998 and was rescheduled for January 29, 1998. On January 28, 1998, appellant moved to continue the trial date so that he could retain counsel. Apparently, Mr. Fouad was on route to Columbus from Washington state for the trial. The trial court granted appellant's motion; however, appellant was ordered to pay Mr. Fouad's travel and related expenses. The trial was rescheduled for April 23, 1998. On the date of trial, appellant requested another continuance, and this request was denied.
The grant or denial of a request for a continuance is within the broad discretion of the trial court. State v. Grant (1993),67 Ohio St.3d 465, 479; Curtis v. Chiaromonte (1978), 53 Ohio St.2d 15,16. The factors to be considered in ruling upon such request include: the length of the continuance sought, any prior continuance, inconvenience, reasons for the delay, whether the requesting party contributed to the delay, and other relevant factors. Grant at 479. Here, given the prior continuance and the inconvenience since the request was made the day of trial, the trial court did not abuse its discretion in denying appellant's second request for a continuance.
Accordingly, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends the trial court erred in excluding certain documents proffered by appellant which appellant asserts he received the day before the trial. In Krischbaum v. Dillon (1991), 58 Ohio St.3d 58,66, the Supreme Court stated that a trial court has broad discretion in determining whether to admit or exclude evidence, and absent an abuse of discretion that materially prejudices a party, the trial court's decision will not be reversed. For the following reasons, we find the trial court did not abuse its discretion in excluding the documents proffered by appellant.
Appellees had previously requested of appellant the production of documents. When such production was not forthcoming, appellees filed a motion to compel which was granted. Appellant never produced any documents. Then, on the day of trial, appellant sought the introduction of documents he stated he had just received the day before trial. The magistrate excluded such documents. Given these circumstances, such was not an abuse of discretion.
Appellant contends he was unable to present a defense without such documents. However, the record does not show appellant ever requested production of documents to the person from whom appellant allegedly got the documents the day before trial. Such person was a former party to the action and had only been dismissed on January 26, 1998. Given the prejudice appellees may have suffered and appellant's conduct leading up to trial, there was no abuse of discretion in excluding such documents.
Accordingly, appellant's fourth assignment of error is overruled.
In his second assignment of error, appellant contends appellees' Exhibit No. 5 should not have been admitted. Exhibit No. 5 is a June 1992 management report provided to Mr. Fouad by Buckeye. (Tr. 33, Vol. 8.) The report set forth items such as rental income, security deposits and operating expenses. The report indicated appellees' account balance was $83,993.72.
Appellant argues Exhibit No. 5 should not have been admitted because neither the custodian of the record nor a qualified witness testified regarding the document as required by Evid. R. 803(6), and the document had not been authenticated as required under Evid. R. 901(A). As an initial matter, we note that appellant never objected to Exhibit No. 5 in his objections to the magistrate's decision. In addition, appellant's only objection to Exhibit No. 5 at trial was that he had only been given a copy of it the day before trial. This is not what he argues on appeal. However, even if appellant had properly objected and, therefore, preserved any error, the admission of Exhibit No. 5 was not erroneous as alleged on appeal.
Appellant argues Exhibit No. 5 should not have been admitted and cites Evid. R. 803(6). Evid. R. 803 lists exceptions to the Hearsay Rule and subsection (6) addresses records kept in the ordinary course of a business. However, before reaching the hearsay exceptions, it must be established that a document is hearsay. Exhibit No. 5 is not hearsay. Under Evid. R. 801(D)(2), Exhibit No. 5 is an admission of a party-opponent. The only testimony is that Exhibit No. 5 was sent to Mr. Fouad by Buckeye, appellant's business at the time. Mr. Fouad further testified that appellant/Buckeye would usually send a management report every month. (Tr. 33, Vol. 8.) As such, Exhibit No. 5 is not even hearsay.
Appellant further contends that Exhibit No. 5 should not have been admitted because it had not been authenticated as required by Evid. R. 901(A). Evid. R. 901(A) requires authentication or identification, by evidence sufficient to support a finding that the matter in question is what its proponent claims, as a condition precedent to admissibility. An example of authentication or identification is testimony of a witness with knowledge that a matter is what it is claimed to be. Evid. R. 901 (B)(1). Again, Mr. Fouad, the owner of the rental properties, testified that Exhibit No. 5 was a management report sent to him by Buckeye and that Buckeye sent him a report every month. Thus, Exhibit No. 5 was properly identified.
Given all of the above, there was no error in admitting Exhibit No. 5. Accordingly, appellant's second assignment of error is overruled.
Having overruled each of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.