Under the facts and circumstances of this case, it appears that the defendants, Jack Liles and the corporation, Liles & Landis Liquidators, Inc., acted in bad faith in adopting and using the name ''& Landis'' as a part of his and its business name. We see no reason why the name Liles Liquidators, Inc., would not be equally, if not more euphonious than ''Liles & Landis Liquidators, Inc.,'' and plaintiff has no objection to defendants adopting and using such name.

From the foregoing it follows consequently that plaintiff is entitled to a permanent injunction permanently restraining and enjoining the defendants from using, advertising or conducting business under the name of Liles & Landis Liquidators, Inc.

*Judgment accordingly.*

SWARTS *v.* PURDY.

(No. 819439—Decided September 25, 1964.)

*Mr. Edward J. Utz,* for plaintiff.
*Mr. John A. Bechtold,* for defendant.

KEEFE, J. The plaintiff has petitioned for damages for unworkmanlike efforts on the part of defendant who denies any liability and also filed a cross-petition with two causes of action. The first is not involved in this determination. The defendant alleges in his second cause of action that he has a valid and subsisting lien on the plaintiff's residence and he prays that all liens on said real property be marshalled and that the plaintiff's said premises be ordered sold by this court.

In answering the second cause of action of defendant's cross-petition, plaintiff maintains that the Cincinnati Municipal Court does not have jurisdiction over this subject matter and asks that said second cause of action be dismissed.

"The municipal court is not one of general jurisdiction. Its jurisdiction is . . . limited, and is conferred solely by statute, inasmuch as such courts fall within the rule that courts created by statute and not by the Constitution can exercise only such powers as are directly conferred upon them by legislative enactment." 38 Ohio Jurisprudence 2d, Municipal and County Courts, Section 29.

The Supreme Court has said in *State, ex rel. Finley, v. Miller,* 128 Ohio St. 442:

"The several Municipal Courts of the State of Ohio are creatures of statute, and their jurisdiction and powers are only such as are conferred by statute."

Section 1901.18, Ohio Revised Code, grants the Cleveland Municipal Court jurisdiction in actions and proceedings for the sale of real property and foreclosure of mortgages on real property, but the legislature seems to have said nothing about granting the same jurisdicition to any other of the municipal courts of the state. *Expressio unius est exclusio alterius.*

In Section 1901.18, Revised Code, it is provided that in addition to the subject matter granted in the first part of the section, "the municipal court of Cleveland shall *also* have jurisdiction within its territory" in all actions for the sale of real property. (Emphasis mine.) It seems manifest that only the Cleveland Municipal Court of the state's municipal courts has this additional jurisdiction.

I have not overlooked that it might be argued with some conviction that the language of Section 1901.18 (C), Revised Code, is broad enough to authorize an action for the sale of real property. The section reads:

"* * * a municipal court has original jurisdiction within its territory.

"* * *

"(C) In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto; * * *"

However, this language cannot be interpreted as providing jurisdiction over an action for the sale of real property. It is too indirect.

It has been proposed that having decided as I have above I can and ought to certify the entire proceedings to the Hamilton County Court of Common Pleas. Section 1901.22, Revised Code, provides for the certification by a Municipal Court Judge of certain civil actions to the Court of Common Pleas, probably the most customary of which is the obligation to certify in any action where a defendant's counterclaim exceeds the jurisdictional amount of the Municipal Court. However, I find no statutory justification in Section 1901.22, Revised Code, or elsewhere for certifying such subject matter as is pleaded in defendant's second cause of action and it would not be valid to do so.

Being of the opinion that the subject matter pleaded in the defendant's second cause of action is beyond the statutory jurisdiction of this court, and being powerless to certify it up, said cause of action is dismissed.

*Motion sustained.*