CHERRY, APPELLEE, *v.* BALTIMORE & OHIO RD. CO., APPELLANT.

(No. 71-543—Decided March 8, 1972.)

160

*Mr. Robert L. McCarty*, for appellee.
*Mr. Frank J. Michelli*, for appellant.

*Per Curiam.* In addition to the facts of record, it was acknowledged in oral argument before this court that counsel for the plaintiff-appellee left it up to his client to contact Dr. Thompson relative to his appearance at the second trial; that counsel kept no record of and could not recall the date upon which he was notified by the trial court that the second trial was set for November 17; and that counsel failed to ascertain whether the doctor would be available to appear at the second trial until notified of that fact by his client, on November 12.

Under the facts of this case, the overruling of appellee's motion for a continuance was not an abuse of discretion.

Since the question was not raised, we refrain from criticizing the method of disposition employed by the trial court.*

---

*Rule 41 of the Ohio Rules of Civil Procedure states, in part:

"(B) Involuntary dismissal: effect thereof.

"(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him, or the court after notice to the plaintiff's counsel may dismiss the action.

"* * *

"(3) A dismissal under this subdivision and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.