CURTIS ET AL., APPELLEES, *v.* CHIARAMONTE, SUPT., ET AL.,
APPELLANTS

[Cite as Curtis v. Chiaramonte (1978),
53 Ohio St. 2d 15.]

(No. 77-428—Decided January 18, 1978.)

16

*Blakemore, Rosen & Norris Co., L. P. A.,* and *Mr. Jeffrey T. Heintz,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Gene W. Holliker* for appellants.

*Per Curiam.* As this court stated in *State, ex rel. Buck, v. McCabe* (1942), 140 Ohio St. 535, at page 537:

"A court has supervisory power and control over its docket. Independent of statute, as an incident to their authority to hear and determine causes, courts have power to grant continuances. Granting or *refusing to grant a motion for continuance* rests within the sound discretion of the court. * * *

"The basis for a continuance of an action rests upon the right of a party to have a reasonable opportunity to be present at the trial of his cause upon the merits, but *without unnecessary delay.* * * * Unreasonable delays can-

not be tolerated and continuances must be justified by the circumstances of the case." (Emphasis added.)

Guidelines for the granting of a continuance are enumerated in the second paragraph of the syllabus in *State, ex rel. Buck, supra*:

"To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time."

In the instant cause, the Court of Appeals found no abuse of discretion on the part of the Court of Claims in denying a continuance to the Curtises on August 20, 1976, and in dismissing the cause, absent some indication as to the reasonable duration of the continuance.

However, the appellate court did find that the Court of Claims abused its discretion in dismissing the cause with prejudice. In its opinion, the Court of Appeals stated that "in this case, there was no history of repeated continuances upon such assertions [illness], but, rather, this was the first trial date set, and the first continuance. There was nothing whatsoever in the record to suggest that the requested continuance was in any way a subterfuge on the part of the plaintiffs in order to gain time or to delay the proceedings. Rather, everything in the record indicates that the continuance was requested by plaintiffs in good faith, predicated upon the opinion of the attending physician of plaintiff Ellie Curtis."

We agree with the Court of Appeals that "under such circumstances, it is an abuse of discretion to dismiss the case with prejudice."

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.