HEARD, APPELLANT, *v.* SHARP, APPELLEE.

(No. 53977 — Decided June 27, 1988.)

*Tyrone E. Reed,* for appellant.
*Otha M. Jackson,* for appellee.

PATTON, J. Plaintiff-appellant, Clifford Heard, appeals from an order that dismissed his complaint with prejudice due to his failure to appear at trial. The underlying tort action alleged that defendant-appellee Henry Sharp hit plaintiff over the head with an iron crowbar on July 30, 1985.

On October 2, 1986, plaintiff and defendant reached an agreement to settle. Subsequently, plaintiff moved that the complaint be reinstated when he alleged that defendant refused to comply with the terms of the agreement. Trial was set for March 5, 1987, but was continued by the trial court due to a scheduling conflict. Trial was reset for May 13, 1987, with the court indicating it would not grant any more continuances.

On May 13, 1987, plaintiff's counsel was present for trial, but plaintiff

was apparently in Atlanta, Georgia. Plaintiff's counsel did not have a permanent address for his client, but did contact plaintiff's sister, who said that plaintiff was aware of the trial date. Counsel could only theorize that the head injuries plaintiff had allegedly sustained caused him to blank out and forget the trial. Counsel asked that trial be continued.

After summarizing the relevant procedural facts of the case, the trial judge overruled the motion for a continuance and dismissed the case for want of prosecution. Plaintiff now appeals, assigning the following errors for review:

"I. The trial court abused its discretion by not granting a continuance to plaintiff.

"II. The trial court abused its discretion when it dismissed plaintiff's case."

Neither assigned error has merit, so we affirm the judgment of the lower court.

## I

The first assigned error complains that the trial court abused its discretion in denying the plaintiff's motion for a continuance. This contention is without merit.

Rulings on continuances are left to the sound discretion of the trial court. *Cherry* v. *Baltimore & Ohio RR. Co.* (1972), 29 Ohio St. 2d 158, 58 O.O. 2d 352, 280 N.E. 2d 380. To constitute a sufficient ground for a continuance because of the absence of a party, it must appear that the absence is unavoidable and not voluntary, that the party's presence at trial is necessary, that the application is made in good faith, and that the party will be able to attend court at some reasonable future time. *State, ex rel. Buck,* v. *McCabe* (1942), 140 Ohio St. 535, 25 O.O. 552, 45 N.E. 2d 763, paragraph two of the syllabus; *Curtis* v. *Chiaramonte* (1978), 53 Ohio St. 2d 15, 17, 7 O.O. 3d

61, 62, 371 N.E. 2d 839, 840. There was some indication that counsel for plaintiff was aware that his client would not attend trial since counsel admitted he had not spoken with plaintiff. In fact, counsel was unaware of any address where he could reach plaintiff. Moreover, there was no indication that plaintiff would attend a new trial were a continuance granted. Without some indication to the court that plaintiff's "blank outs" would not prevent him from attending a rescheduled trial, the court did not abuse its discretion in denying the continuance. *Curtis* v. *Chiaramonte, supra;* see, also, *Plechaty* v. *Russell* (Feb. 5, 1981), Cuyahoga App. No. 42449, unreported, at 3-4. The first assigned error is overruled.

## II

The second assigned error complains that the court abused its discretion in dismissing plaintiff's case. This contention is without merit.

As with the granting of continuances, the power to dismiss for lack of prosecution is within the sound discretion of the trial court. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89, 1 OBR 125, 437 N.E. 2d 1199. Civ. R. 41(B)(1) requires that before a motion to dismiss may be granted, notice must be given to the non-moving party. *Levy* v. *Morrissey* (1986), 25 Ohio St. 3d 367, 25 OBR 416, 496 N.E. 2d 923. Notice need not be actual, however, and will be implied when reasonable under the circumstances. *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219, 6 O.O. 3d 237, 369 N.E. 2d 800. As stated in the syllabus of *Pembaur* v. *Leis, supra:*

"Pursuant to Civ. R. 41(B)(1), it is not an abuse of discretion for the trial court to dismiss an action, with prejudice, for lack of prosecution when a plaintiff voluntarily fails to appear at a hearing, without explanation, when the court has directed him to be present and his location is unknown."

This case presents facts nearly identical to those of *Levy*. Accordingly, on these facts, we are unable to conclude that the trial court abused its discretion in granting the motion to dismiss with prejudice pursuant to Civ. R. 41(B). The second assigned error is overruled.

*Judgment affirmed.*

DYKE, J., concurs.

MARKUS, J., dissents in part.

MARKUS, J., dissenting in part. I agree with the majority that the trial court properly denied the requested continuance and properly dismissed the plaintiff's case. However, I believe that the court exceeded its authority by dismissing the case with prejudice.

The record fails to show that the plaintiff's absence was so negligent, irresponsible, contumacious or dilatory as to justify a dismissal with prejudice. Cf. *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219, 223, 6 O.O. 3d 237, 239, 369 N.E. 2d 800, 803. The court abused its discretion when the record does not show that the failure to appear was willful or in bad faith. Cf. *American Housing Corp.* v. *Rhoades* (1981), 1 Ohio App. 3d 130, 131, 1 OBR 437, 438, 439 N.E. 2d 946, 947; *Dukes* v. *Cole* (1985), 23 Ohio App. 3d 65, 66, 23 OBR 110, 111, 491 N.E. 2d 374, 376; *Toney* v. *Berkemer* (1983), 6 Ohio St. 3d 455, 6 OBR 496, 453 N.E. 2d 700, syllabus (default for failure to comply with discovery order).

This court has repeatedly ruled that a dismissal with prejudice exceeds the court's authority where the record does not show deliberate misconduct by the absent plaintiff. *Willis* v. *RCA Corp.* (1983), 12 Ohio App. 3d 1, 2-3, 12 OBR 57, 59, 465 N.E. 2d 924, 926; *Advanced Electronic Technologies, Inc.* v. *Summers, Potts, Kampinski & Brucato* (Oct. 30, 1986), Cuyahoga App. No. 50841, unreported; *Moorer* v. *Euclid, Inc.* (Sept. 18, 1986), Cuyahoga App. No. 51140, unreported; *Gissentaner* v. *Davis* (Dec. 30, 1982), Cuyahoga App. No. 44644, unreported; *Graham* v. *Spera* (Feb. 9, 1978), Cuyahoga App. No. 36864, unreported.

Therefore, I would modify the judgment as a dismissal without prejudice, as this court did in *Willis* and *Moorer*.