OPINION
Plaintiffs-appellants, Ruth and Kenneth Swigart, appeal a decision of the Preble County Court of Common Pleas, Probate Division, dismissing their claim against the estate of Robert E. Snavely
Appellants were the property owners of a tract of land located at 6733 West Third Street, in Dayton, Ohio ("the property"). In February 1996, appellants sold the property to Snavely. The parties never entered into a real estate contract or a mortgage. Rather, on February 26, 1996, they signed a document which states that "We, Kenneth R. Swigart and wife Ruth Swigart, * * * release the title from property located at 6733 West Third Street, Dayton, Ohio, to Mr. Robert E. Snavely. * * * The balance due in the amount of sixteen thousand five hundred dollars ($16,500) will be paid upon the sale of the property located at 6733 West Third Street, Dayton, Ohio to Kenneth R. and Ruth Swigart." On February 29, 1996, appellants transferred the property deed to Snavely.
Snavely died on November 13, 2000. The property was one of the estate's assets. Apparently, prior to his death, Snavely had entered into a contract to sell the property to a buyer. The real estate contract had not been completed and was pending at the time of Snavely's death. As a result, on June 22, 2001, the executor of the estate filed a motion in the probate court for a court order to accept or reject the contract. The record shows that sometime in the spring of 2001, appellants presented a claim to the estate alleging that Snavely had never paid the $16,500 balance on the property.
By entry filed June 27, 2001, the probate court set a hearing on the motion for August 24, 2001, and ordered that several individuals, including appellants, be notified of the hearing. Appellants were present at the hearing but were unrepresented by counsel. By entry filed September 19, 2001, the probate court dismissed appellants' claim against the estate as follows:
 "The Swigart's claimed the decedent owed them a balance on the [property] * * *. The claimant's have no note, no mortgage and no contract signed by the decedent to back up their claim. Without any evidence except claimant, Mrs. Swigart's testimony * * *, the Court cannot authorize the fiduciary to pay the claim. The Court does find that the decedent was not obligated to the claimant under any legally enforceable obligation. Therefore the fiduciary is authorized to proceed with the administration of the estate." [sic] This appeal follows.
In their first assignment of error, appellants argue that the probate court abused its discretion when it denied their request for a continuance at the hearing. At the beginning of the hearing, Mrs. Swigart told the probate court that she would have to speak as her husband did not feel well. Later on, she asked for an attorney but her request was denied. Finally, when the probate court asked her if she wished to testify under oath, Mrs. Swigart replied "What do you mean?" Appellants contend that Mrs. Swigart's foregoing statements amounted to a request for continuance which was improperly denied.
It is well-established that the decision to grant or deny a continuance rests within the sound discretion of the trial court. See Cherry v.Baltimore Ohio R.R. Co. (1972), 29 Ohio St.2d 158. Unlike appellants, we fail to see how Mrs. Swigart's statement about her husband's illness and her question to the probate court "What do you mean?" amount, even remotely, to a request for a continuance. With regard to her request for an attorney, assuming, arguendo, that it was a request for a continuance, we find that the probate court did not abuse its discretion by denying it. By entry filed June 27, 2001, the probate court ordered that appellants be notified of the August 24, 2001 hearing. As a result, they had more than ample time to hire an attorney to represent them at the hearing. Appellants' first assignment of error is overruled.
In their second assignment of error, appellants argue that the trial court erred by finding that the February 1996 document signed by appellants and Snavely did not support their claim against the estate.
A creditor with a claim against an estate, including a claim arising out of contract, must, within one year after the death of the decedent, present its claim (1) to the executor in a writing, (2) to the executor in a writing and to the probate court in a copy of the writing, or (3) to the executor by a writing addressed to the decedent and sent by ordinary mail. R.C. 2117.06(A), (B). In turn, the executor must, within 30 days after presentation of the claim, allow or reject the claim. R.C.2117.06(D). If the executor rejects a claim against the estate, the claimant must commence an action on the claim within two months after the rejection if the debt is then due, or within two months after it becomes due, or be forever barred from maintaining an action. R.C. 2117.12.
In the case at bar, other than the estate's first attorney's statement, in his application for payment of attorney fees, that he received and reviewed appellants' claim "regarding Dayton real estate" (and notified them of the change of attorneys), and the estate's current attorney's statement in his June 2001 motion that he had "received information that a claim may be filed against" the property, there is no evidence in the record as to whether appellants properly presented their claim to the estate. There is also no evidence that the executor either allowed or rejected appellants' claim, and if the latter case, whether appellants timely filed an action on the claim in a court of competent jurisdiction.[1]
We therefore reverse the probate court's judgment dismissing appellants' claim against the estate and remand the matter for the probate court to determine whether, in compliance with R.C. 2117.06 through2117.15, (1) appellants properly presented their claim to the estate, (2) the executor properly allowed or rejected their claim, and (3) appellants timely filed an action if their claim was rejected. Appellants' second assignment of error is accordingly sustained.
Judgment affirmed in part, reversed in part, and remanded.
POWELL, P.J., and VALEN, J., concur.
[1] A probate court would not be a court of competent jurisdiction for such a claim. A probate court's jurisdiction is limited by statute. R.C. 2101.24 and 2117.12.