OPINION
{¶ 1} This is an appeal from the judgment of the Bellefontaine Municipal Court which dismissed Plaintiff-appellant, Buckeye Check Cashing's ("Buckeye"), case against defendant-appellee, Brian E. Evans ("Evans"), for Buckeye's failure to appear at trial.
 {¶ 2} On May 10, 2002, Buckeye filed a complaint against Evans for $600 alleging that Evans had given Buckeye a check unsupported by sufficient funds. At that time, Buckeye was represented by attorney Charles Tate ("Tate") of the firm Thomas and Thomas. Evans filed an answer pro se on June 12, 2002. On June 13, 2002, the trial court set the trial date for July 25, 2002. A copy of this order was sent to Tate on June 14, 2002. On July 1, 2002, Vincent E. Thomas ("Thomas"), also of the firm Thomas and Thomas, filed an appearance as trial attorney for Buckeye and also served Evans with his first set of interrogatories, admissions and a request for production of documents. On July 25, 2002, neither Buckeye nor his attorney, Thomas, appeared for trial. Consequently, on July 26, 2002, the court dismissed Buckeye's case against Evans with prejudice. On August 15, 2002, Buckeye filed a motion to set aside the dismissal stating that Thomas was not aware that a trial date had been set. On August 20, 2002, the trial court denied Buckeye's request. Buckeye now appeals the July 26, 2002 entry alleging a single assignment of error.
 Assignment of Error {¶ 3} "The trial court abused its discretion in dismissing the Appellant's action with prejudice for the unexplained failure of Plaintiff/Appellant to appear at trial."
 {¶ 4} Civ. R. 41(B)(1) provides, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A plaintiff must receive some form of notice of an impending dismissal with prejudice as "the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it." Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, 49; see, also, Perotti v. Ferguson (1983),7 Ohio St.3d 1, 3; Houston v. Pickens (Feb. 26, 1997), Marion App. No. 9-96-48 at *3.
 {¶ 5} However, notice may be implied when reasonable under the circumstances. Quonset Hut, Inc., supra. Specifically, the Ohio Supreme Court has held that the filing of a motion to dismiss is adequate to provide implied notice to a plaintiff that the case could be dismissed with prejudice pursuant to Civ. R. 41(B)(1). Quonset Hut, Inc., supra;Pembaur v. Leis (1982) 1 Ohio St.3d 89. Furthermore, some appellate courts have gone so far as to say that failure to appear at trial or pretrial alone is implied notice that the case will be dismissed.Schreiner v. Karson (1977), 52 Ohio App.2d 219; Head v. Sharp (1988)50 Ohio App.3d 34; Heslop, Inc. v. Stoffer (Apr. 22, 1992) Summit App. No. 15258.[1] However, the Ohio Supreme Court in Logsdon v. Nichols,72 Ohio St.3d 124, 128, 1995-Ohio-225, in considering a case such as the present one, where the plaintiff failed to appear for trial and the court sua sponte dismissed the case, found that additional notice was necessary in order to fulfill the requirements of Civ. R. 41(B).
 {¶ 6} In this case, the trial court sua sponte dismissed Buckeye's case with prejudice after neither Buckeye nor its attorney appeared at trial, without first providing Buckeye with notice of its intent to dismiss. While we tend to agree with the appellate courts which have determined that notice of a trial date should constitute implied notice of dismissal where a plaintiff fails to appear for trial, we feel compelled to follow the Ohio Supreme Court's decision in Logsdon. Consequently, we hold that the trial court abused its discretion in dismissing this case with prejudice, and Buckeye's assignment of error is sustained. Therefore, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 BRYANT, P.J., and CUPP, J., concur.
[1] The court in Heslop, in finding dismissal appropriate, noted that the "judicial system is based upon the orderly resolution of cases within an established timeframe" and that in cases where a party has a meritorious reason for her failure to appear, the party could seek relief by filing a Civ. R. 60(B) motion.