OPINION
{¶ 1} This is an appeal of a decision of the Belmont County Court of Common Pleas, Juvenile Division, transferring permanent custody of minor child Zachary Kutcher ("Zachary") to the Belmont County Department of Job and Family Services ("the Agency"). Christina Yoby Hughes ("Appellant"), the child's mother, presents only one issue on appeal: the court's refusal to grant a continuance of the final custody hearing. The trial court was within its discretion to deny the motion for a continuance based on Appellant's unexplained absence at the hearing. The judgment of the trial court is affirmed.
 {¶ 2} On March 9, 2001, Appellant filed an Agreement for Temporary Custody, transferring temporary custody of Zachary to the Agency. On March 16, 2001, the Agency filed a complaint for temporary custody of Zachary in the Belmont County Court of Common Pleas, Juvenile Division. The Agency alleged that Zachary was a neglected child, was abandoned by his parents, and had cigarette burns on his body. An adjudicatory hearing took place on April 20, 2001. Appellant stipulated to the allegations in the complaint. The child's father, Jesus Alcarez, had been deported and was in Mexico at the time of hearing. The father is not pursuing any aspect of this appeal. The court filed its judgment entry on April 20, 2001, finding the allegations in the complaint to be true and holding that Zachary was a neglected child. The court ordered the Agency to maintain temporary custody of Zachary until the dispositional hearing.
 {¶ 3} The dispositional hearing was held on May 25, 2001. The Agency requested temporary custody and Appellant had no objection. Appellant was represented by counsel at the hearing. Zachary's father remained in Mexico at the time of the hearing. The May 25, 2001, Judgment Entry granted temporary custody of Zachary to the Agency.
 {¶ 4} Also on May 25, 2001, Jesus Alcarez and his wife Heather filed a motion for legal custody of Zachary. A hearing was set for August 24, 2001.
 {¶ 5} On July 18, 2001, the state filed a motion to continue the August 24, 2001, hearing. A continuance was granted until August 29, 2001.
 {¶ 6} On July 23, 2001, Appellant filed a motion to transfer the case to Roane County, West Virginia, because she had married and relocated there. The motion was set to be heard on August 29, 2001.
 {¶ 7} On August 16, 2001, Jesus and Heather Alcarez requested the court for a continuance of the August 29, 2001, hearing. Mr. Alcarez alleged that he needed more time to process an application with the Immigration and Naturalization Service. A continuance was granted until October 5, 2001.
 {¶ 8} On August 24, 2001, Jesus and Heather Alcarez requested another continuance of the October 5, 2001, hearing. Mr. Alcarez alleged that he was scheduled to return to Ohio from Mexico on September 27, 2001, and would need time to fulfill legal requirements in order to be reunited with Zachary. The court granted a continuance of Mr. Alcarez's motion until November 7, 2001, but did not change the October 5, 2001, date set for Appellant's motion to transfer the case to West Virginia.
 {¶ 9} On October 5, 2001, Appellant withdrew her motion to transfer the case to West Virginia because she had moved to Missouri.
 {¶ 10} On October 31, 2001, the Agency filed a motion to deny visitation to Appellant, based on the recommendations of Zachary's counselor. A hearing was set for November 7, 2001.
 {¶ 11} The scheduled hearing took place on November 7, 2001. Appellant testified that she was seeking a divorce from Steven Hughes, whom she had married on July 13, 2001. She testified that Mr. Hughes was sexually abusive. (11/7/01 Tr., p. 54.) She admitted that she had no excuses for missing appointments at the Family Visitation Center and for not following her case plan. (11/7/01 Tr., p. 47.) The court granted the motion to deny visitation to Appellant, and continued Mr. Alcarez's motion for custody until January 23, 2002. The parties agreed to continue the temporary custody arrangement another six months. Mr. Alcarez's motion for custody was again continued to May 29, 2002.
 {¶ 12} On January 29, 2002, Appellant filed a motion to have visitation restored. The matter was heard on February 14, 2002. Dr. Robin Teoli, Zachary's counselor, testified that Zachary was a traumatized child, had severe developmental delays, and had indications of physical and sexual abuse. Dr. Teoli testified that Zachary had indicated that Appellant had anally penetrated him. (2/14/02 Tr., p. 69.) Dr. Teoli recommended no visitation with Appellant. The court denied Appellant's motion for visitation.
 {¶ 13} On April 8, 2002, Appellant filed another motion to have visitation restored. The motion was set to be heard on May 29, 2002.
 {¶ 14} On May 24, 2002, the Agency filed a Motion to Modify Temporary Custody to Permanent Custody.
 {¶ 15} A hearing was held on May 29, 2002. Appellant's motion for visitation was denied. Both motions for permanent custody were continued to July 11, 2002. The case was continued again to August 7, 2002. The state requested and was granted another continuance to September 5, 2002.
 {¶ 16} On September 5, 2002, Mr. Alcarez signed a permanent surrender of Zachary to the Agency. The Agency was prepared to argue its motion for permanent custody with respect to Appellant, however, Appellant failed to appear for the September 5, 2002, hearing. Her counsel was present and could not account for her absence. (9/5/02 Tr., p. 11.) The court went forward with the hearing. On September 12, 2002, a judgment entry was filed ordering that Zachary be permanently placed in the custody of the Agency.
 {¶ 17} Appellant filed this timely appeal on October 9, 2002.
 {¶ 18} Appellant's sole assignment of error states:
 {¶ 19} "The court's denial of counsel's motion for a continuance deprived appellant of her right to due process under the law and is reversible error."
 {¶ 20} Appellant argues that parents have a fundamental right to care for and have custody of their children. Santosky v. Kramer (1982),455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. Appellant asserts that due process requires that proceedings resulting in the loss of permanent custody of children must be fundamentally fair, citing Lassiter v. Dept.of Social Serv. of Durham Cty., North Carolina (1981), 452 U.S. 18,101 S.Ct. 2153, 68 L.Ed.2d 640. We agree with these general legal principles. Appellant concludes, though, that it was not fundamentally fair for the court to deny a request for a continuance merely because she failed to appear at the permanent custody hearing. We disagree with this conclusion.
 {¶ 21} Appellant points to In re Hoffman, 97 Ohio St.3d 92,2002-Ohio-5368, 776 N.E.2d 485 in support. Hoffman involved termination of custody proceedings in which the parents were not permitted to cross-examine the guardian ad litem even though the guardian ad litem's report was part of the evidence of the case. The Supreme Court held, on due process grounds, that:
 {¶ 22} "In a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation." Id. at syllabus, 2002-Ohio-5368, 776 N.E.2d 485.
 {¶ 23} Appellant argues that in her situation, the court's decision to proceed with the custody hearing when she was not present to testify or be cross-examined was even more unfair, relying on the analysis of Hoffman.
 {¶ 24} The situation in Hoffman can easily be distinguished from the case now under review. In Hoffman the parents were denied the opportunity to engage in a certain aspect of due process, namely, the ability to cross-examine a key witness. In the instant case, Appellant was afforded the right to be present at the custody hearing (including the right to cross-examine witnesses), but she failed to take advantage of the right when she did not appear at the hearing. Failure to assert a right is not the same as being prevented from asserting a right.
 {¶ 25} The decision to grant or deny a motion to continue a hearing is a matter entrusted to the broad discretion of the trial court. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. An abuse of discretion connotes more than a mere error in law or judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,5 OBR 481, 450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 26} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test which takes into account a variety of competing considerations:
 {¶ 27} "a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." State v. Unger (1981), 67 Ohio St.2d 65, 67-68,21 O.O.3d 41, 423 N.E.2d 1078.
 {¶ 28} A party has a right to a reasonable opportunity to be present at trial and a right to a continuance for that purpose. Hartt,67 Ohio St.3d at 9, 615 N.E.2d 617. A party does not, however, have a right to delay trial for no reason. State ex rel. Buck v. McCabe (1942),140 Ohio St. 535, 24 O.O. 552, 45 N.E.2d 763, paragraph two of the syllabus. A continuance based on a party's absence must be based on unavoidable, not voluntary, absence. Id.
 {¶ 29} Appellant's counsel requested the continuance at the start of the final hearing. Appellant's counsel could not explain to the trial court why Appellant was absent. Generally, a trial court does not abuse its discretion in denying a motion for a continuance when a party fails to appear at trial without explanation and when there is no indication that the party would attend a later trial if the continuance was granted. Heard v. Sharp (1988), 50 Ohio App.3d 34, 552 N.E.2d 665, syllabus. Without any explanation about Appellant's absence, the trial court was justified in assuming that her absence was voluntary.
 {¶ 30} Other factors that should be considered are: 1) that Appellant was the only witness scheduled to testify against transferring custody to the Agency; 2) that Appellant had not requested any prior continuances of the final permanent custody hearing; 3) that the Agency requested and was granted one continuance of the hearing; and 4) that the Agency asserted at the September 5, 2002, hearing that it would be prejudiced by any continuance because of the difficulty in securing the presence of the professional witnesses. (9/5/02 Tr., p. 13.)
 {¶ 31} The totality of the circumstances weighs heavily in favor of finding that the trial court was within its discretion to deny the motion for a continuance.
 {¶ 32} Appellant's argument might have been better served if made as part of a Civ. R. 60(B) motion, in which she could have explained why she was absent from the custody hearing.
 {¶ 33} Although there may be situations where the refusal to grant a continuance of a permanent custody hearing conflicts with basic due process, this is not one of those cases. We overrule Appellant's assignment of error and affirm in full the decision of the trial court.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.