[Cite as *Bowshier v. Bowshier*, 2013-Ohio-4073.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK COUNTY

| | | |
|---|---|---|
| ROBERT L. BOWSHIER | : | |
| | : | Appellate Case No. 2013-CA-33 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CVG-667 |
| v. | : | |
| | : | |
| TEDDY BOWSHIER | : | (Civil Appeal from Clark County |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of September, 2013.

. . . . . . . . . . .

EDWIN A. GRINVALDS, Atty. Reg. #0030884, 125 Scioto Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

WILFRED L. POTTER, Atty. Reg. #0029121, 234 North Limestone Street, Springfield, Ohio 45503
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1} Defendant-appellant Teddy Bowshier appeals from a judgment of the Clark County Municipal Court ordering restitution of the premises, formerly a commercial garage,

located at 6 Vanada, in Springfield. The premises were ordered restored to the possession of plaintiff-appellee Robert L. Bowshier, Teddy Bowshier's uncle.[1]

{¶ 2}    Teddy contends that the trial court erred by failing to sustain his motion to transfer this case to the Clark County Common Pleas Court; that the trial court deprived him of due process by hearing this case in Robert's absence (who was represented by counsel at the hearing); that the magistrate erred by failing to grant Teddy's request for findings of fact and conclusions of law; that the judgment is not supported by the evidence, and is against the manifest weight of the evidence; and that the trial court erred when it released escrow funds that he had deposited with the clerk of the trial court as ordered by the court of appeals as a condition of its order staying the judgment pending a prior appeal. We find no merit to any of Teddy's contentions. Therefore, the judgment of the trial court is Affirmed.

## I.   A Garage Becomes the Subject of a Family Dispute

{¶ 3}    The property that is the subject of this litigation is a commercial garage that was built by Robert's father for Teddy's father, now deceased, in 1962. It was operated as the West End Body Shop. At some point, the garage became the property of Betty L. Bowshier, now deceased, the mother of Robert Bowshier.

{¶ 4}    In 2008, Betty Bowshier gave her son Robert a general power of attorney. Using that power of attorney, Robert conveyed the garage to himself by a general warranty deed, recorded in May 2009.

{¶ 5}    In May 2010, Robert and Teddy entered into a transaction concerning the garage,

---

[1]    We will refer to the plaintiff-appellee as Robert, and to the defendant-appellant as Teddy.

which was in poor condition. They disagree as to the nature of that transaction. According to Teddy, Robert agreed orally to sell him the garage for $25,000, with monthly payments of $589 over about a five-year time span. Teddy testified that Terry Bowshier, Robert's son, came to him with a written land contract, and told Teddy that Robert wanted a $2,500 down payment. Teddy did not have $2,500. At that time, he talked to Robert, and, according to Teddy, Robert agreed that Teddy could either pay the $2,500 at some time during the five-year life of the contract, or pay extra monthly payments at the end of the five years to cover the $2,500. According to Teddy, he saw the written contract at that time, but because he was unable to pay the $2,500, he was not allowed to keep it, or a copy.

{¶ 6} According to Robert, the transaction was a straight lease, with monthly rental payments in the amount of $589.

{¶ 7} Teddy paid $589 a month, and did a lot of work on the garage. According to Teddy, the work included cleaning, power washing, plumbing, electrical, the installation of a new furnace, and the installation of new toilets. Twenty sheets of drywall were installed.

{¶ 8} According to Teddy, in November 2011 he became aware, for the first time, that Robert viewed the $589 payments as rent, not installment payments on a land contract. Teddy, who had moved into the garage in May 2011, stopped making the payments. This litigation ensued.

## II. The Course of Proceedings

{¶ 9} Robert brought this action in forcible entry and detainer in February 2012, in the Clark County Municipal Court, claiming that Teddy was a commercial tenant on an oral

month-to-month lease, that Teddy had failed to pay the rent due, and that Robert had served Teddy with a written notice to leave the premises on February 10, 2012.

{¶ 10} Teddy filed an answer and counterclaim. In it, he claimed that he had entered into a land contract with Robert for the sale of the property, that in reliance upon that contract, he had made improvements and repairs totaling $18,000, and had paid installment payments totaling $10,600. He recited that he had filed a mechanic's lien upon the garage in the office of the Clark County Recorder in the amount of $28,600. Teddy also claimed that the transfer of the title to the property to Robert was void, because Robert had unlawfully used a power of attorney to transfer the property from Betty Bowshier to himself. Teddy sought foreclosure of his mechanic's lien, and an order of specific performance of the land contract.

{¶ 11} Teddy then moved to transfer the cause of action to the Clark County Common Pleas Court, contending that his counterclaim exceeded the jurisdictional amount of the municipal court, and also "involves the title to real property which can only be done by the court of Common Pleas."

{¶ 12} The affidavit of Shawn Bowshier was filed in the municipal court. In it, Shawn Bowshier averred that he was the manager of the property for Robert, that Teddy was a commercial tenant of the property, that Teddy violated the terms of the oral lease by failing to pay rent, that the notice to leave the premises had been served upon Teddy, and that $1,917 was due as unpaid rent and late fees as of January 31, 2012.

{¶ 13} At the request of the trial court, both parties filed memoranda on the issue of the municipal court's jurisdiction.

{¶ 14} The cause was heard before a magistrate on April 4, 2012. Counsel for both

parties were present. Robert, who resides in Florida, was not present. At the outset of the hearing, the averments in Shawn Bowshier's affidavit were read into the record by the trial court, without objection. Robert's counsel stated on the record that: "It's my understanding that Mr. Potter (Teddy's trial counsel) is not contesting the fact that there's been no payments of money since the end of November." Teddy's counsel did not take exception to that statement.

{¶ 15} Robert did not offer any witnesses at the hearing. Teddy presented three witnesses, including himself.

{¶ 16} Thirteen days after the hearing, the magistrate rendered a three-page decision, concluding that Robert was entitled to restitution of the premises, and recommending that a writ of restitution be issued effective April 30, 2012. A week later, Teddy requested findings of fact and conclusions of law. Eight days thereafter, the magistrate rendered a decision that: "The Magistrate's Findings of Fact and Conclusions of Law are contained within the Magistrate's Decision, which was filed on April 17, 2012."

{¶ 17} On May 4, 2012, the trial court approved and adopted the magistrate's decision. Teddy filed a timely objection. In response on the objection, the trial court found that Teddy had an oral month-to-month lease of the premises, and had failed to pay rent. The trial court ordered the immediate issuance of a writ of restitution. Teddy appealed.

{¶ 18} During the pendency of this appeal, we stayed execution of the judgment on condition that bond in a monthly amount of $650 be paid either into an escrow or trust account in the names of the parties' counsel, or posted with the clerk of the Clark County Municipal Court. It appears that the latter alternative was chosen.

{¶ 19} We dismissed that appeal, and remanded the cause to the trial court, finding that

the trial court had neither addressed Teddy's objections, nor allowed him the full 30 days allowed by Civ.R. 53(D)(3)(b)(iii) for the filing of a transcript in support of objections. *Bowshier v. Bowshier*, 2d Dist. Clark No. 2012 CA 40, 2013-Ohio-297, ¶ 35-40.

{¶ 20} On remand, the trial court rendered judgment ordering restitution, finding that Teddy had an oral month-to-month lease, and had violated the terms of that lease.

{¶ 21} Robert moved to release the monies deposited with the clerk of the Clark County Municipal Court, which then totaled $4,550, to himself or his attorney. A hearing date was set for this motion. Teddy's motion to continue the hearing was overruled. Neither Teddy nor his attorney was present at the hearing. The trial court, noting that Teddy had not filed any written opposition to the motion, sustained the motion and ordered the monies released to Robert and his counsel.

{¶ 22} From the judgment of restitution and from the order releasing the appeal bond, Teddy appeals.

### III. The Trial Court Did Not Err by Failing to Transfer this Cause to the Common Pleas Court

{¶ 23} Teddy's First Assignment of Error is as follows:

THE MAGISTRATE ERRED AS A MATTER OF LAW WHEN HE DID NOT TRANSFER THIS CASE TO COMMON PLEAS COURT.

### A. The Trial Court Had No Subject-Matter Jurisdiction Over Teddy's Mechanic's Lien Foreclosure Action; Therefore, it Lacked

**Jurisdiction to Transfer that Cause of Action to the Common Pleas Court**

{¶ 24} Teddy's first argument in support of this assignment of error is that his mechanic's lien foreclosure cause of action, exceeding the jurisdictional monetary limit of the municipal court, should have resulted in the transfer of this case to the common pleas court.

{¶ 25} " * * * [T]he term 'exceeding' the jurisdiction of a court, when couched in monetary terms, is substantially different than that created by filing an action in a court that is totally without jurisdiction. * * * . We conclude that a complaint or counterclaim based on libel or slander in a court without jurisdiction of the subject matter is properly subject only to a motion to dismiss and not to a motion to [transfer]." *Lin v. Reid*, 11 Ohio App.3d 232, 236, 464 N.E.2d 189 (10th Dist.1983).

{¶ 26} In the case before us, the Clark County Municipal Court had no subject-matter jurisdiction over a foreclosure action. The General Assembly has seen fit to confer upon the Cleveland Municipal Court jurisdiction over the foreclosure of liens upon real property, but only the Cleveland Municipal Court. R.C. 1901.18(B). Because the General Assembly found it necessary to provide expressly for a grant of foreclosure jurisdiction to the Cleveland Municipal Court, we conclude that the jurisdiction to foreclose liens upon real property is not part of the jurisdiction conferred upon municipal courts generally. *See Swarts v. Purdy*, 2 Ohio Misc. 176, 177, 207 N.E.2d 806 (Cincinnati Mun.Ct.1964).

{¶ 27} Because the Clark County Municipal Court lacked subject-matter jurisdiction over Teddy's cause of action for the foreclosure of his mechanic's lien, it did not err in failing to sustain his motion to transfer that cause of action, along with the case, generally, to the Clark County Common Pleas Court.

{¶ 28} Teddy also argues that he had a claim for unjust enrichment that exceeded the jurisdictional monetary limit of the Clark County Municipal Court, but we find no claim for unjust enrichment set forth in his answer and counterclaim.

**B.  Title to Property Under a Recorded Deed Is Sufficient to Support a Claim for Restitution of the Premises, Notwithstanding the Existence of an Issue as to Title**

{¶ 29} Teddy next argues that the Clark County Municipal Court should have transferred this cause to the Clark County Common Pleas Court because he has raised two issues concerning the title to the property.   The first of these is his claim for specific performance of the alleged land installment contract for the purchase of the property, whereby he claims that he has an equitable interest in the property.   The second of these is his claim that Robert's title is invalid, because Robert's use of Betty Bowshier's power of attorney to transfer the property from her to Robert was not permitted.

{¶ 30}  As to the latter contention, although Teddy contends that Robert's recorded deed is "void," the authority he relies upon holds merely that a recorded deed based upon the grantee's exercise of a power of attorney from the grantor is voidable, not void.  *Montgomery v. Mosley*, 4th Dist. Pike No. 448, 1990 WL 127047, *1 (Aug. 24, 1990), quoted, *but not cited*, in Teddy's appellate brief.

{¶ 31}  When Teddy filed his appellate brief in this court, no action was pending in another court involving title to the garage.   Recently, we have been provided with certified copies of an action that Jack Bowshier, Robert's brother, filed July 19, 2013, in the Clark County Common Pleas Court, Probate Division, in which Robert's title to the property is challenged on the basis of Robert's self-dealing use of Betty Bowshier's power of attorney to transfer the title to

himself. Upon the Probate Court's order to show cause why the complaint should not be dismissed for lack of jurisdiction, Jack Bowshier moved to transfer that cause of action to the General Division of the Clark County Common Pleas Court. He also moved to consolidate that cause of action with the cause of action in the Clark County Municipal Court with which this appeal is concerned. The Probate Court, by order filed August 5, 2013, transferred the cause to the General Division of the Common Pleas Court, but did not order consolidation of that cause of action with the restitution action pending in the Clark County Municipal Court.

{¶ 32} In any event, a municipal court is not only not required to transfer an action in forcible entry and detainer to a common pleas court when there is an issue concerning the title, it is not *permitted* to do so, so long as the plaintiff is the owner of record. "To allow the Municipal Court the discretion to stay proceedings in this cause would be to defeat the purpose of the forcible entry and detainer statutes (i.e., immediate possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals the relief they were intended to provide." *State, ex rel. Carpenter v. Warren Municipal Court*, 61 Ohio St.2d 208, 210, 400 N.E.2d 391 (1980). *See also Haas v. Gerski*, 175 Ohio St. 327, 330, 194 N.E.2d 765 (1963): "Since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible detainer." "Were appellee not permitted to prove his right to possession by proving his record title, the forcible entry and detainer statute would have little meaning." *Id.*, at 331.

{¶ 33} The trial court did determine that the oral contract between the parties was a lease, not a land installment contract. But this was incidental to its determination that Teddy

was in violation of his contractual obligation to pay rent, as a result of which Robert, the owner of record, was entitled to restitution of the premises. The trial court had no jurisdiction to adjudicate, and did not adjudicate, the attacks upon Robert's title.

### C. *Ryan v. Kenley* Is Distinguishable

{¶ 34} Teddy relies upon *Ryan v. Kenley*, 2d Dist. Montgomery No. 10534, 2003-Ohio-2088, for the proposition that where the title to the premises is placed in question, a municipal court is without jurisdiction to hear a forcible entry and detainer action. In that case, a county district court in a forcible entry and detainer action had concluded that the defendant was the equitable owner of the property, despite the undisputed fact that the plaintiff was the owner of record. We concluded that the county district court had exceeded its jurisdiction when it adjudicated the defendant's claim to equitable title to the property, and reversed the judgment. *Id.* ¶ 14, 18.

{¶ 35} In *Ryan*, a quiet title action was pending in the common pleas court when the county district court rendered judgment. *Id.* ¶ 7. In the interests of judicial economy, we remanded the forcible entry and detainer cause of action to the county district court with a "special mandate to * * * refer the forcible entry and detainer claims and defenses to the common pleas court for its determination in the quiet title action." *Id.* ¶ 17, 18.

{¶ 36} In the case before us, considerations of judicial economy militate against the referral of the forcible entry and detainer cause of action to the Clark County Common Pleas Court in which Jack Bowshier's challenge to Robert's recorded title is now pending. Our affirmance of the trial court's order of restitution makes that a final adjudication of the forcible

entry and detainer cause of action. The challenge to Robert's recorded title to the property was filed in the Probate Division of the Clark County Common Pleas Court on July 19, 2013, and was transferred to the General Division on August 5, 2013. Unlike the quiet title action in *Ryan*, which had been pending when the county district court in that case rendered judgment, before the appeal was even filed, the action involving the title to the property in the case before us is only now getting under way. And there had been no judgment of restitution in *Ryan*, so that it made sense to consolidate the forcible entry and detainer cause of action with the quiet title action pending in the common pleas court. In the case before us, by contrast, to order the transfer the forcible detainer cause of action to the common pleas court would necessarily delay the already completed adjudication of that cause of action, and that delay is forbidden by *State, ex rel. Carpenter v. Warren Municipal Court* and *Haas v. Gerski*, *supra*.

{¶ 37} There is language in *Ryan v. Kenley* suggesting that a municipal court may not decide a forcible entry and detainer claim when the action involves issues that the municipal court does not have jurisdiction to determine. *Ryan*, at ¶ 16. We consider this to be dictum, since *Ryan* involved a situation where the municipal court had actually adjudicated the challenge to the plaintiff's recorded title to the property, holding that the defendant had equitable title. In the case before us, the challenges to Robert's recorded title to the property remain unadjudicated.

{¶ 38} Teddy's First Assignment of Error is overruled.

## IV. Robert's Failure to Appear at the Hearing

## Did Not Deprive Teddy of Due Process of Law

**{¶ 39}** Teddy's Second Assignment of Error is as follows:

THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS OF LAW BY PROCEEDING TO TRIAL WITHOUT APPELLEE AND UTILYZING EXTRA JUDICIAL EVIDENCE TO MAKE A DECISION.

**{¶ 40}** Robert, who resided in Florida, did not appear at the April 4, 2012 evidentiary hearing before the magistrate. He was represented by counsel at the hearing.

**{¶ 41}** Teddy contends that Robert's failure to appear deprived him of his right to confront and cross-examine Robert. As Robert notes, Teddy did not subpoena Robert as a witness at the hearing. Nor did Teddy object when it became apparent, at the outset of the hearing, that Robert was not going to be there.

**{¶ 42}** Teddy cites *Heard v. Sharp*, 50 Ohio App.3d 34, 552 N.E.2d 665 (8th Dist.1988) for the proposition that "a trial court does not abuse its discretion by dismissing a plaintiff's complaint with prejudice for failure to prosecute where the plaintiff fails to appear, without explanation, at a properly scheduled trial." That case involved an action in tort in which the plaintiff alleged that the defendant had hit him over the head with an iron crowbar. *Id.* Plaintiff's counsel, theorizing that injuries to the plaintiff's head had caused him to forget the trial date, asked for a continuance. *Id.*, at 35. The trial court denied the request for a continuance, and dismissed the action for want of prosecution. *Id.*

**{¶ 43}** In *Heard*, it was apparent that the plaintiff had no way of proving his cause of action without his own testimony that the defendant had hit him over the head. Given that circumstance, we agree that it was not an abuse of discretion for the trial court to have dismissed the cause of action. In the case before us, by contrast, the averments in the affidavit of Shawn

Bowshier, Robert's manager of the property, which had previously been filed in the action, were read into the record at the outset of the hearing, without objection by Teddy. These averments included that Teddy had become a commercial tenant of Robert at the premises, that the rent was $589 a month, that the rent had not been paid, and that an amount in excess of $1,917 was due for unpaid rent and late fees as of January 31, 2012.

{¶ 44} During the hearing, Teddy admitted that he had an oral contract with Robert whereby he had an obligation to pay $589 per month, and Robert had an obligation to allow Teddy to occupy the premises. The factual dispute was whether this contract was a lease or a land installment contract. Teddy further admitted that he stopped paying $589 a month in November, 2011. Under these circumstances, which are different from those in *Heard*, Robert's presence at the hearing was not necessary to prove his case for forcible entry and detainer. Teddy did not dispute that Robert was the owner of record. If Teddy had any right to possession of the premises, it must have devolved from the oral land contract that Teddy attempted, unsuccessfully, to prove to the trial court's satisfaction, or from the lease that Robert claimed to exist, in which event, the rent was admittedly unpaid. Without one or the other, Teddy had no right to possession of the premises.

{¶ 45} Teddy does not specify the "extra judicial evidence" referred to in his assignment of error. If it is Shawn Bowshier's affidavit, that affidavit appears to have been received in evidence without objection by Teddy.

{¶ 46} Teddy's Second Assignment of Error is overruled.

**V.   The Magistrate Did Not Err When He Failed to Provide Findings of Fact**

**and Conclusions of Law Additional to those Contained in his Decision**

**{¶ 47}** Teddy's Third Assignment of Error is as follows:

THE MAGISTRATE ERRED AS A MATTER OF LAW WHEN HE DID NOT RESPOND TO REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.

**{¶ 48}** After the magistrate's decision, Teddy requested findings of fact and conclusions of law, under the authority of Civ.R. 53(D)(3)(a)(ii), which provides that "a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party * * * ." In response, the magistrate filed a decision stating that: "The Magistrate's Findings of Fact and Conclusions of Law are contained within the Magistrate's Decision, which was filed on April 17, 2012."

**{¶ 49}** The magistrate rendered a three-page, single-spaced decision outlining the facts, and finding "that the Defendant has failed to prove by clear and convincing evidence that there was an oral land contract." The magistrate found instead that Teddy had an oral month-to-month lease, was in default for rent, was served with a notice to vacate, and had failed to vacate.

**{¶ 50}** In arriving at these ultimate conclusions of fact, and after reciting the Shawn Bowshier affidavit and Teddy's testimony, the magistrate made the following findings in his original decision:

The fact that the Defendant improved the property by making necessary repairs in order to use the building in his commercial venture is not indicative that he was purchasing the property rather than leasing. Furthermore, by his own testimony the Defendant was presented with a written land contract that Plaintiff's

agent refused to execute without payment of the $2,500 down payment. Moreover, the Defendant labeled one of his payments as "G rent" (see Defendant's exhibit 2).

**{¶ 51}** We agree with the magistrate that his original decision was not "general" within the meaning of Civ.R. 53(D)(3)(a)(ii); it contained findings of fact and conclusions of law sufficient to facilitate the trial court's ruling upon Teddy's subsequent objections. No additional findings of fact and conclusions of law were required.

**{¶ 52}** Teddy's Third Assignment of Error is overruled.

## VI. The Evidence in the Record Is Sufficient to Support the Judgment, and Is Not Against the Manifest Weight of the Evidence

**{¶ 53}** Teddy's Fourth Assignment of Error is as follows:

THE DECISION OF THE MAGISTRATE WAS BASED UPON INSUFFUCIENT [sic] EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶ 54}** This appeal is taken from the judgment of the trial court, not from the magistrate's decision, which, being interlocutory, is not a final appealable order. Consequently, although Teddy casts this assignment of error in terms of the magistrate's decision, the actual issue for this court is whether the judgment of restitution is not supported by the evidence, or is against the manifest weight of the evidence.

**{¶ 55}** Teddy did not dispute that Robert was the record owner of the garage; nor did he dispute that he remained on the property despite having stopped paying Robert the $589 per

month that he had been paying pursuant to the terms of their oral contract. These facts were set forth in Shawn Bowshier's affidavit, which was received in evidence at the hearing without objection. These uncontroverted facts, alone, were sufficient to support the order of restitution, unless, arguably, Teddy had an oral contract with Robert for the purchase of the property. On that issue, Teddy had the burden of proof by clear and convincing evidence. Thus, the judgment of restitution is supported by sufficient evidence.

{¶ 56} Teddy cites a number of cases from this court for the proposition that the task of an appellate court, in conducting a weight-of-the-evidence review, is to "review the entire record, weigh all of the evidence and all the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Dossett*, 2d Dist. Montgomery No. 20997, 2006-Ohio-3367, ¶ 32. "Only in exceptional cases, where the evidence 'weighs heavily against the [judgment],' should an appellate court overturn the trial court's judgment." *Id.*

{¶ 57} Furthermore, as Teddy notes, the credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of facts to resolve. *State v. Gaddis*, 2d Dist. Montgomery No. 24007, 2011-Ohio-2822, ¶ 62.

{¶ 58} We have reviewed the transcript of the hearing before the magistrate, and we conclude that the judgment is not against the manifest weight of the evidence.

{¶ 59} Russell Mitchem testified in Teddy's behalf. He testified that he could hear Teddy's end of a telephone conversation that Teddy had with Robert in Florida:

Q. Did you hear Teddy make uh any statements about whether he was

buying or renting the garage?

A. Well, yeah, he said he needed some paperwork drawed up so what's happening now wouldn't be happening now.

{¶ 60} Later, Mitchem testified, on direct examination:

Q. Do you know how Teddy paid the rent?

A. He paid it, uh, money order and mailed it to Bob.

{¶ 61} On cross-examination, Mitchem testified that although he could not hear Robert's end of this telephone conversation, at one point Mitchem took the phone to talk to Robert:

A. Well I said how you doin' Bob. It's been a long time since I've heard from ya, you know, and he said yeah, and he asked me how I was doin' and I told him and I ask him how he was and he told me and then I mentioned that Teddy really appreciates you selling him the garage so he can do his upholstering business there and he said yeah, that's, I wanted to keep it in the family and that was the end of the conversation.

{¶ 62} Finally, on re-direct, Mitchem testified:

Q. And he indicated to you that he was selling that garage to uh Teddy Bowshier?

A. Right, when I said Teddy appreciates you selling him that garage, he said yeah, I want to keep it in the family.

Q. Did he tell you how, what the terms of the, uh . . .

A. No, he never got into no money or nothing. I never got into the, that

detail, that far into it.

{¶ 63}   Jean Arthur, who had been living with Teddy for nine years, testified for him. She testified that Robert had told her he was selling the garage to Teddy.   On cross-examination, she acknowledged that she did not know the purchase price, just that Teddy was to pay Robert $589 per month.   She also acknowledged that Teddy wrote "G rent" on one of the money orders used to pay the $589 per month.   A copy of this money order, along with others, was admitted as an exhibit at the hearing.   She further acknowledged that none of the money orders reflected that they were for payment on a land contract.

{¶ 64}   Teddy Bowshier also testified in his own behalf.   He testified that he had an oral contract to purchase the garage for $25,000, and that he never would have paid to repair and improve the property if he was merely leasing it, without a contract to purchase.   Concerning the money order with "G rent" written on it, Teddy testified: "That [writing] might be, be mine, but I doubt it.   She [Jean Arthur] took care of all this, money orders."

{¶ 65}   In summary, there is evidence in the record from which the trial court might have found that Teddy had an oral contract to purchase the garage, but it did not make that finding, by clear and convincing evidence.   We were not there to see and hear the witnesses.   We conclude that this is not the exceptional case where the fact finder lost its way, resulting in a miscarriage of justice.

{¶ 66}   Teddy's Fourth Assignment of Error is overruled.


**VII.   If the Trial Court Erred in Ordering the Release to Robert of the**

**Funds Deposited During the Pendency of the First Appeal, that**

**Error Was Harmless, Since Teddy Was Not Prejudiced Thereby,**

**Having Been Credited in that Amount with Payment of the Unpaid Rent**

**{¶ 67}** Teddy's Fifth Assignment of Error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RELEASED THE ESCROW FUNDS DEPOSITED PURSUANT TO COURT OF APPEALS ORDER.

**{¶ 68}** When this cause of action was first on appeal to this court, until we dismissed that appeal, we stayed the execution of the restitution order, subject to the condition that Teddy deposit $650 per month either into an escrow account controlled by counsel for both parties, jointly, or with the clerk of the municipal court. It appears that the latter option was chosen.

**{¶ 69}** After the trial court's judgment of restitution on remand from this court, Robert moved for the release of the funds deposited with the clerk of the court, which then totaled $4,550. Following a hearing at which Teddy failed to appear,[2] the trial court ordered the release of the funds – then totaling $5,200 – to Robert, finding that he was entitled to the unpaid rent for the property, and that the amount of rent due exceeded $5,200. Implicit in the trial court's decision releasing the funds was that they represented unpaid rent, and that Teddy would be credited with the payment of rent in that amount.

**{¶ 70}** Teddy argues that the trial court was without the jurisdictional power to release the funds held by its clerk of court. We disagree. A trial court has the jurisdictional power to issue orders to its officers.

**{¶ 71}** At most, it might have been error for the trial court to have released the funds.

---

[2] Teddy moved for a continuance of this hearing, but his motion was overruled.

We need not decide whether the trial court erred in this regard, because even if its order to release the funds was error, that error would be harmless. The order to release the funds Teddy deposited with the clerk cannot have prejudiced him, because they are being applied towards the rent that Teddy has failed to pay, which exceeds the funds on deposit. And Teddy is being credited with the payment of rent in that amount.

**{¶ 72}** Teddy's Fifth Assignment of Error is overruled.

## VIII.   Conclusion

**{¶ 73}** All of Teddy's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Edwin A. Grinvalds
Wilfred L. Potter
Hon. Eugene S. Nevius

Case Name:    *Robert L. Bowshier v. Teddy Bowshier*
Case No:           Clark App. No. 2013-CA-33
Panel:               Fain, Donovan, Hall
Author:             Mike Fain
Summary: