SAVIOLI, Appellee,

v.

SAVIOLI, Appellant.

[Cite as *Savioli v. Savioli* (1994), 99 Ohio App.3d 69.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65066.

Decided Dec. 12, 1994.

*William Snyder,* for appellee.

*Joann Jacobs Rasmussen,* for appellant.

---

PATTON, Presiding Judge.

Husband Michael Savioli appeals from a judgment of the domestic relations court that granted him and his wife Jill Savioli a divorce. The parties tried the issues before a referee, who prepared a report and recommendations for the trial court. The husband obtained several continuances in which to file objections to the referee's report due to the court reporter's delay in preparing a transcript of the trial. Ultimately, the referee refused to grant further extensions and submitted the report to the trial court. The court adopted the report and recommendations without the husband's objections. The husband contests the court's division of marital property, modification of a proposed shared parenting plan, award of spousal support, and award of attorney fees. We need not address these arguments since we conclude the trial court abused its discretion by refusing to grant the husband an additional amount of time in which to prepare objections to the referee's report.

The wife filed for divorce in November 1990. The referee conducted trial on January 23, February 11, March 5, 16, and 30, and April 29, 1992. A report and recommendations were issued on August 6, 1992. The husband received several extensions of time in which to file objections to the referee's report due to the court reporter's delay in preparing a transcript of the hearing. On December 18, 1992, the husband moved for an additional thirty-day extension after having been notified by the court reporter that the transcript had finally been prepared. Counsel for the husband received notice on January 8, 1993 that the motion for an additional extension of time had been denied and that all objections were due on *January 6, 1993.* Because no objections had been received up to that point, the trial court adopted the report and recommendations on January 11, 1993.

Civ.R. 53(E)(6) provides:

"A party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. The court may adopt any finding of fact of the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available. In deciding whether to adopt a referee's finding of fact, the court may disregard any evidence which was not submitted to the referee unless the complaining party demonstrates that with reasonable diligence he or she could not have discovered and produced that evidence for the referee's consideration."

Although the trial court has discretion in granting continuances, *Curtis v. Chiaramonte* (1978), 53 Ohio St.2d 15, 7 O.O.3d 61, 371 N.E.2d 839, we believe the trial court abused its discretion by adopting the referee's report without giving the husband an opportunity to object to that report for the reasons stated in the husband's December 18, 1992 motion. In that motion, the husband indicated the official court reporter had informed him the transcript had been completed that same day. Moreover, the husband did not receive the court's order denying the extension of time until January 8, 1993, two days after the court's January 6 deadline (mentioned for the first time in the order received on January 8) for filing objections.

In analogous situations, appellate courts have found that a trial court abuses its discretion when it rules on objections to a referee's report without the benefit of a transcript. See, *e.g., In re Moorehead* (1991), 75 Ohio App.3d 711, 600 N.E.2d 778 (trial court erred when it failed to review and consider the transcript prior to adopting the report and recommendation of referee); *155 N. High Ltd. v. Cincinnati Ins. Co.* (1991), 75 Ohio App.3d 253, 599 N.E.2d 352 (trial court abused its discretion by failing to consider requested transcript before ruling on objections based on the manifest weight of the evidence); *Eash v. Eash* (1984), 14 Ohio App.3d 298, 14 OBR 355, 471 N.E.2d 174 (court abused its discretion when it ruled on objections to referee's report based on manifest weight of the evidence without the aid of a transcript).

In this case, the husband did not have the opportunity to file his objections to the referee's report. Without the benefit of a transcript, the husband could not properly demonstrate the errors he wished to have reviewed. Moreover, nothing in the record demonstrates the husband filed the motions for extensions of time solely for delay. Under Civ.R. 53(E) and Loc.R. 27(E) [1] of the Cuyahoga County

---

1. Loc.R. 27(E)(1) provides:

72

Court of Common Pleas, Domestic Relations Division, motions for extensions of time should be freely granted where the need for an extension is occasioned by the official court reporter's delay in preparing the transcript. Accordingly, we sustain the first assignment of error and remand for further proceedings consistent with this opinion.[2]

*Judgment reversed*
*and cause remanded.*

PRYATEL, J., concurs.

MATIA, J., dissents.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

"If a transcript of proceedings is available and a party desires to support his objections with the transcript or parts thereof, such party shall request an extension of time in which to have the transcript prepared by written motion. The motion for extension of time which must be filed within in original 14 day objection period, shall include both the name of the court reporter responsible for preparing the transcript and an approximate date by which the transcript will be available. *The motion shall be automatically granted by the assigned judge unless it is determined that the motion is solely a delay tactic.*" (Emphasis added.)

2. Our disposition of the first assignment of error necessarily moots any discussion of the substantive aspects of the remaining assignments. See App.R. 12(A)(12)(c).