[Cite as *In re R.C.*, 2011-Ohio-4641.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96396

---

# IN RE: R.C., III
# A Minor Child

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 09115144

**BEFORE:**     Sweeney, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     September 15, 2011

**ATTORNEY FOR APPELLANT**

Michael Cretella, Esq.
107 North Court Street, Suite 7
Medina, Ohio 44256

**ATTORNEYS FOR APPELLEE, R.C., JR.**

Nicole C. Longino, Esq.
11811 Shaker Blvd., Suite 420
Medina, Ohio 44256

Tiffany Wright, Esq.
330 East 211th Street
Euclid, Ohio 44123

JAMES J. SWEENEY, J.:

**{¶ 1}** R.W.P. ("mother") appeals the court's decision designating R.C., Jr. ("father") as the residential parent and legal custodian of their child, R.C., III ("R.C."). After reviewing the facts of the case and pertinent law, we dismiss for lack of a final appealable order.

**{¶ 2}** R.C. was born on May 30, 2006, and through the summer of 2009, he resided with mother and had significant visitation time with father. In August of 2009, mother informed father that she was getting married, moving to Tennessee, and taking R.C. with her. The parties could not agree on a parenting schedule, and father filed an application to determine custody. In October of 2009 the parties agreed that R.C. would reside with father

in Cuyahoga County pending the custody determination.

{¶ 3} After a custody hearing, the court adopted the magistrate's decision designating father as R.C.'s residential parent and overruled mother's objections to the magistrate's decision. The court also continued the matter for determination of mother's visitation schedule. Mother filed an appeal, which we dismissed for lack of a final order. *In re: R.C.,* Cuyahoga App. No. 94885, 2010-Ohio-4690.

{¶ 4} On November 22, 2010, mother and father reached an agreement regarding mother's visitation schedule, which the magistrate approved and the court adopted. Mother appeals, essentially challenging the court's designating father as R.C.'s residential parent.

{¶ 5} Mother's first assignment of error states as follows:

{¶ 6} "I. The trial court erred in overruling mother's objection to magistrate's decision by not conducting an independent review."

{¶ 7} Pursuant to Civ.R. 53(D)(4)(d), when a court rules on objections to a magistrate's decision, it "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶ 8} On September 30, 2010, this court dismissed Appeal No. 94885 for lack of a final appealable order, holding that "the court failed to make an independent entry of judgment when overruling objections to the magistrate's decision * * *." Id. at ¶1. This was

supported by evidence in the record that the court overruled mother's objections to the magistrate's decision on the same day it granted her motion for a transcript of the proceedings before the magistrate. Id. at fn. 1. See *Savioli v. Savioli* (1994), 99 Ohio App.3d 69, 71, 649 N.E.2d 1295 (holding that "a trial court abuses its discretion when it rules on objections to a [magistrate's] report without the benefit of a transcript").

{¶ 9} After this court dismissed mother's first appeal, the trial court issued three orders: First, on November 17, 2010, the court overruled mother's motion for independent entry of judgment for failure to comply with Juv.R. 40(D)(3)(a)(iii) in a timely fashion and "reiterated" the order that we found lacked finality in Appeal No. 94885. Second, on November 18, 2010, the court overruled mother's supplemental objections to the magistrate's decision, finding that "the parties have reached an interim visitation agreement." Third, on January 14, 2011, the court adopted the magistrate's decision approving the agreed to visitation schedule.

{¶ 10} Upon review of the record, we find that the court failed to conduct an independent review of the magistrate's order designating father as the residential parent and legal custodian of R.C. The court's finding that mother failed to comply with Juv.R. 40(D)(3)(a)(iii) is unclear, as this rule governs the required "form, filing, and service of [a] magistrate's decision" and does not require compliance by the parties. Additionally, we find no authority allowing a trial court to "reiterate" a judgment that was previously dismissed on

appeal without correcting the judgment's deficiencies.

{¶ 11} Specifically, the court must conduct "a *de novo* review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's *de novo* review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function." *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 793-794, 758 N.E.2d 1234.

{¶ 12} The court's independent review shall be based on the record, including but not limited to the following documents: the January 21, 2010 magistrate's decision; mother's February 4, 2010 objections to the magistrate's decision; mother's October 25, 2010 supplemental objections to the magistrate's decision; and the transcript of the January 7, 2010 hearing before the magistrate, which was filed with the court on October 25, 2010. We note that because of the inadvertent procedural delays in the instant case, the supplemental objections and transcript were filed in a timely manner.

{¶ 13} Accordingly, the appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
JAMES J. SWEENEY,  JUDGE

KENNETH A. ROCCO, J., and
MELODY J. STEWART, P.J., CONCUR