[Cite as *Mayfield v. Costanzo & Son Co.*, 2012-Ohio-271.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96890

## VILLAGE OF MAYFIELD

PLAINTIFF-APPELLEE

vs.

## COSTANZO & SON COMPANY, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Probate Division
Case No. 05 ADV 0102032

**BEFORE:**     Boyle, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     January 26, 2012

**ATTORNEY FOR APPELLANT**

Richard D. Eisenberg
1413 Golden Gate Boulevard
Suite 200
Mayfield Heights, Ohio    44124

**ATTORNEYS FOR APPELLEE**

Joseph W. Diemert, Jr.
Diane A. Calta
Joseph W. Diemert, Jr., & Associates Co., L.P.A.
1360 SOM Center Road
Cleveland, Ohio    44124

MARY J. BOYLE, P.J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} Defendant-appellant, Costanzo & Son Company ("Costanzo"), appeals from a final judgment of the court of common pleas, probate division, entered upon the village of Mayfield's ("Village") motion to enforce a settlement agreement and Costanzo's motion to modify a partial judgment.  Costanzo raises two assignments of error:

**{¶ 3}** "I. The lower court magistrate failed to conduct a true evidentiary hearing and did not prepare magistrate's decision as mandated by Civil Rule 53(D)(1), depriving appellant of property rights without due process. Magistrate further failed to comply with Civil Rule 53(D)(7).

**{¶ 4}** "II. The trial judge signed and entered judgment entries ex parte without a hearing or notice to the appellant for matters which should have been in a magistrate's decision, depriving the appellant of due process."

**{¶ 5}** We find these arguments unpersuasive and affirm.

Procedural History and Facts

**{¶ 6}** This case originates as an eminent domain action commenced in 2005 involving the property located at 500 SOM Center Road ("the property") in Mayfield Village. In April 2006, the parties ultimately reached a settlement of the dispute that was accepted and journalized by the trial court. The trial court expressly retained jurisdiction over the settlement agreement until the parties had satisfied their obligations under the agreement.

**{¶ 7}** On February 10, 2011, the Village filed a motion to enforce the settlement agreement, asking the trial court to determine the parties' respective rights and obligations with respect to paragraph seven of the settlement agreement, which states the following: "The Village agrees that Costanzo shall have salvage rights to the existing building located at 500 SOM Center Road upon its demolition." The Village wanted to

move forward on its demolition of the building on the property but the parties could not agree as to the terms of the salvage.

{¶ 8} On April 13, 2011, the trial court entered a partial judgment entry, identifying nine items that Costanzo could remove from the property by May 6, 2011. Notably, the record reveals that these nine items were those items specifically requested by Costanzo. The judgment entry further required Costanzo to maintain appropriate liability insurance coverage and to execute a waiver of liability and hold harmless agreement.

{¶ 9} On May 4, 2011, Costanzo filed a motion to modify the partial judgment entry entered on April 13, 2011, urging the court to eliminate the requirements of obtaining insurance and executing a waiver of liability agreement with the Village. Costanzo further requested additional time to remove salvage from the property.

{¶ 10} The next day, the Village filed a motion to enter final judgment entry and attached a proposed judgment entry. The Village argued that Costanzo has failed to avail itself of any of its rights, including those rights set forth in the April 13, 2011 partial judgment entry, and that Costanzo's actions sought solely to delay the demolition of the property.

{¶ 11} On May 11, 2011, the trial court denied in part and granted in part Costanzo's motion to modify. The court found that the preconditions of providing adequate insurance and the execution of the waiver are not overly burdensome or

restrictive, thereby denying Costanzo's request to eliminate them. The court, however, granted Costanzo's request for additional time to remove the salvage, extending the date to June 3, 2011.

{¶ 12} The trial court further issued a final judgment entry as to the remaining structural items in the property subject to salvage, setting forth specific requirements for Costanzo to timely undertake with the demolition contractor. The order specifically required, among other things, that Costanzo coordinate with the demolition contractor by May 20, 2011 and identify those structural items to be salvaged and a location for those items to be delivered. The order also required that, after completion of the aforementioned prerequisites, Costanzo had to deposit the funds necessary for the demolition contractor to salvage and deliver the structural items by June 3, 2011, and that failure to do so would operate as a waiver of any salvage rights. Costanzo, however, never complied with the order; instead, he filed the instant appeal on June 9, 2011, attaching two orders: (1) the judgment entry granting in part and denying in part Costanzo's motion to modify; and (2) the final judgment entry on the motion to enforce settlement agreement — both dated May 11, 2011.

Due Process and Mootness

{¶ 13} In Costanzo's two assignments of error, it argues that it was denied due process by the magistrate's failing to issue her own opinion in the proceedings held

below and by the trial court's acceptance of a proposed journal entry submitted by the Village. We find both of these arguments unpersuasive.

{¶ 14} Here, the record reflects that the subject building on the property has been demolished. Further, under the trial court's final judgment entry, Costanzo had until June 3, 2011 to exercise its rights under the settlement agreement before such rights would expire. Aside from never exercising its rights, Costanzo failed to obtain a stay of the judgment below. Accordingly, under these circumstances, Costanzo's arguments are moot. *See, e.g.*, *Armour v. Luckey*, 9th Dist. No. 10220, 1981 WL 4125 (Aug. 27, 1981) (denial of stay and demolition of the building rendered argument on appeal moot); *see generally Hughes v. Hughes*, 11th Dist. No. 2006-L-196, 2007-Ohio-4774, 2007 WL 2696845 (expiration of the parties' rights and satisfaction of judgment renders appeal moot).

{¶ 15} Even if Costanzo's arguments were not moot, we still find that they lack merit. The record reflects that Costanzo never objected to the proceedings held below. Nor did he request that any of the proceedings held before the magistrate be recorded. And while the docket reflects that there were hearings held before a magistrate, the magistrate never issued any orders that were dispositive of the issues. Instead, the notes on the docket following the hearings held before the magistrate were merely scheduling orders. *See* Civ.R. 53(D)(2)(a)(i) ("* * * a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or

defense of a party"). And notably, assuming that the magistrate failed to comply with Civ.R. 53, Costanzo fails to demonstrate any prejudice to warrant a reversal of the trial court's judgment. *See Gobel v. Rivers*, 8th Dist. No. 94148, 2010-Ohio-4493, 2010 WL 3722546 (failure to comply with Civ.R. 53 was harmless error because there was no showing of prejudice).

{¶ 16} As for Costanzo's claim that the trial court improperly adopted an order ex parte, thereby depriving Costanzo of due process, we find no merit to this argument. The record reveals that the Village submitted a proposed final judgment entry attached to its motion for a final judgment that was filed in the court and served upon Costanzo. We fail to see how this is an ex parte communication. As for the trial court's slightly modifying and then adopting the order, we find no abuse of due process by this action.

{¶ 17} According, Costanzo's two assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR