# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97780**

## IN RE: H.R.K.
## A Minor Child

[Appeal By M.J.K., Father]

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 08139384

**BEFORE:** Moore, J., Belfance, J., and Whitmore, P.J.*
(*Sitting by assignment: Judges of the Ninth District Court of
Appeals)

**RELEASED AND JOURNALIZED:** September 6, 2012

**[Cite as *In re H.R.K.*, 2012-Ohio-4054.]**

## ATTORNEY FOR APPELLANT

Eugene L. Kramer
1422 Euclid Avenue
Suite 545
Cleveland, Ohio   44115


## FOR APPELLEE

H.L.H., pro se
11802 Franklin Boulevard
Lakewood, Ohio   44107


## GUARDIAN AD LITEM

Carla Golubovic
P.O. Box 29127
Parma, Ohio   44129

CARLA D. MOORE, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶2} M.J.K. appeals from the judgment of the Juvenile Division of the Court of Common Pleas of Cuyahoga County. This court reverses and remands this matter for further proceedings consistent with this opinion.

## I.

{¶3} M.J.K. ("Father") and H.H. ("Mother") have one minor child in common. The child is in Father's custody. In 2011, the Cuyahoga County Juvenile Court issued an order allowing Mother weekly periods of supervised visitation with the child at a certain facility. The parties agreed to schedule this visitation on Thursdays from 4 until 6 p.m. Father contends that, due to his work schedule, he arranged for another adult to transport the child to the facility for these periods of visitation. However, a few months after the visitation at the facility commenced, Father learned that this individual could no longer transport the child for visitation. Father purportedly contacted the facility, which informed him that it had no other dates and times available that would accommodate his work schedule. As a result, Father filed a motion with the trial court to modify the visitation order. Thereafter,

Mother filed a motion to show cause as to why Father should not be held in contempt for his failure to comply with the visitation order.

{¶4} While Father's motion was pending, the trial court issued a show cause order requiring Father to appear at a contempt hearing on November 18, 2011, before a court magistrate regarding his failure to abide by the terms of the visitation order. Father responded to the show cause order by filing an answer and memorandum in which he claimed that his compliance with the visitation order had become impossible due to circumstances outside of his control.

{¶5} After the hearing, the magistrate entered a "Magistrate's Pre-trial Order," in which the magistrate set forth,

> IT IS ORDERED THAT: [Father ]is found to be in Contempt of Court. []Father is fined $150.00 and sentenced to three (3) days in jail. Fine is to be paid within 30 days[.]
>
> Purge Order: Jail sentence is stayed. If [F]ather violates visitation schedule again jail sentence will be imposed. (Unbracketed capitalization in the original.)

{¶6} Father filed a motion to set aside the "magistrate's order." The trial court denied Father's motion in a journal entry and adopted the magistrate's "decision." Father timely appealed from the trial court's order and presents two assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

I.  The trial court abused its discretion and acted against the manifest weight of the evidence in finding that [Father] was in contempt of court.

II.  The trial court erred in imposing a fine against [Father] for contempt of court without affording [Father] an opportunity to [p]urge himself of contempt with respect to that portion of the penalty.

{¶7} In his first assignment of error, Father argues that the trial court's contempt finding was against the manifest weight of the evidence because circumstances beyond Father's control had made it impossible for him to comply with the visitation order.  In his second assignment of error, Father argues that the trial court erred by failing to provide him the opportunity to purge the fine imposed against him.  We decline to reach the merits of Father's assignments of error because we conclude that this matter must be remanded to the trial court for further proceedings in compliance with the Rules of Juvenile Procedure.

{¶8} Initially, we note that the record before us contains no transcript of the magistrate's hearing.  Further, the magistrate's adjudication was erroneously captioned a "magistrate's pre-trial order," when the substance of the adjudication is that of a "magistrate's decision."  Adjudications titled "pretrial orders" under former Juv.R. 40 are now referred to as "magistrate's orders."  *See* Staff Notes to 2006 Amendments to Juv.R. 40(D).  Pursuant to

Juv.R. 40(D)(2)(a), "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Therefore, a magistrate's ability to issue "orders" is limited to regulatory, non-dispositive orders. *See Mayfield v. Costanzo & Son Co.*, 8th Dist. No. 96890, 2012-Ohio-271, ¶ 15 (noting that the magistrate "never issued any orders that were dispositive of the issues" and instead issued only scheduling orders); *J & B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. No. 09 MA 173, 2011-Ohio-3165, ¶ 30 (magistrates may issue orders regulating discovery); *Beagle v. Beagle*, 10th Dist. No. 07AP-494, 2008-Ohio-764, ¶ 12 (magistrates may issue temporary support orders); *Campbell v. Pryor*, 5th Dist. No. 2010CA00231, 2011-Ohio-1222, ¶ 40 (magistrate cannot issue order sentencing party to jail term, but instead may only make recommendation to the trial court as to the sentencing).[1] A magistrate's order must be "identified as a magistrate's order in the caption[.]" Juv.R. 40(D)(2)(a)(ii).

{¶9} In contrast to a magistrate's order, a magistrate's decision is governed by Juv.R. 40(D)(3). A magistrate's decision is required when

---

[1] We recognize that these cases interpret Civ.R. 53, which governs magistrates' orders in civil cases; however, this court has utilized past versions of Civ.R. 53 to provide guidance in interpreting Juv.R. 40, which contains parallel provisions and similar language pertaining to magistrates' orders and decisions. *See, e.g., In re E.B.*, 8th Dist. No. 85035, 2005-Ohio-401, ¶ 11, fn. 2 (recognizing that Civ.R. 53(E) and Juv.R. 40(E) contain "essentially the same language").

deciding "any matter referred under Juv.R. 40(D)(1)." Juv.R. 40(D)(3)(i) permits the juvenile court to refer matters to a magistrate "for one or more of the purposes described in Juv.R. 40(C)(1)[.]" Such purposes include determining motions and conducting trials in cases not involving youthful offender determinations. Juv.R. 40(C)(1)(a) and (b). A magistrate's decision must be "identified as a magistrate's decision in the caption[.]" Juv.R. 40(D)(3)(a)(iii). Unlike a magistrate's order, a magistrate's decision is not effective until adopted by the trial court. Juv.R. 40(D)(4)(a).

{¶10} A party may object to the magistrate's decision within 14 days of its filing. Juv.R. 40(D)(3)(b)(i). Where a party objects to a magistrate's factual finding, the trial court must conduct an "independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). The independent review requires the trial court to "conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case." (Citation omitted.) *Radford v. Radford,* 8th Dist. Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 13 (construing identical independent review requirement of Civ.R. 53(D)(4)(d)).

{¶11} To aid in the court's "independent review," if the objecting party has challenged a magistrate's finding of fact, the party must supply the trial

court with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Juv.R. 40 (D)(3)(b)(iii). Absent leave of the court, the objecting party has 30 days after filing objections to file the transcript or affidavit.

{¶12} This court has held that it is an abuse of a trial court's discretion to adopt a magistrate's decision over an objection to factual findings prior to its receipt of a timely requested transcript or other materials necessary to properly conduct an independent review of the matter. *See In re R.C.*, 8th Dist. No. 96396, 2011-Ohio-4641, ¶ 8, citing *Savioli v. Savioli*, 99 Ohio App.3d 69, 71, 649 N.E.2d 1295 (8th Dist.1994) (holding that "a trial court abuses its discretion when it rules on objections to a [magistrate's] report without the benefit of a transcript"); *compare In re Magar v. Konyves*, 8th Dist. No. 85832, 2005-Ohio-5723, ¶ 16 (regularity of proceedings presumed where no transcript of magistrate hearing was filed in support of objections).

{¶13} With the distinctions between magistrates' orders and magistrates' decisions in mind, we turn to the "magistrate's pre-trial order" at issue in the present case. The language of this "pre-trial order" purports to be dispositive of the issue of contempt. *See Kapadia v. Kapadia*, 8th Dist. No. 96910, 2012-Ohio-808, ¶ 3-5 (an order containing both a finding of contempt and imposition of a sentence, even if provided the opportunity to

purge the sentence, is a final order of contempt). Although the trial court indicated that it "adopt[ed] the [magistrate's d]ecision," the initial mislabeling of the magistrate's adjudication did not alert Father to the need to file a transcript to allow for independent review of the issue by the trial court. *See In re T.S.*, 9th Dist. No. 11CA0033-M, 2012-Ohio-858, ¶ 8 ("failure to properly label a magistrate's decision as a decision, combined with the magistrate's failure to provide the appropriate warning concerning objections, created confusion and prejudiced the parties").

{¶14} Because the record contains no transcript of the November 18, 2011 proceedings before the magistrate, we cannot discern how the trial court could have conducted an independent review of the factual issues that Father argues made it impossible for him to comply with the trial court's visitation order. For the foregoing reasons, we conclude that this matter must be remanded to the trial court for further proceedings consistent with Juv.R. 40.

{¶15} Accordingly, the trial court's judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with the Rules of Juvenile Procedure. Based on the nature of our remand, we decline to address the merits of Father's assignments of error because they are not yet ripe for review.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


CARLA D. MOORE, JUDGE*

BETH WHITMORE, P.J.,* and
EVE V. BELFANCE, J.,* CONCUR

(*Sitting by assignment:   Judges of the Ninth District Court of Appeals)