[Cite as *In re J.W.*, 2013-Ohio-268.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98607**

## IN RE: J.W.

[APPEAL BY FATHER]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Juvenile Division of the
Cuyahoga County Court of Common Pleas
Case No. SU-98772906

**BEFORE:** Blackmon, J., Stewart, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEY FOR APPELLANT**

Dean A. Colovas
The Standard Building, Suite 1810
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Ellen S. Mandell
55 Public Square, Suite 1717
Cleveland, Ohio 44113

**For Cuyahoga Support Enforcement Agency**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:  Joseph C. Young
C.S.E.A.
Assistant County Prosecutor
P. O. Box 93894
Cleveland, Ohio 44101-5984

PATRICIA ANN BLACKMON, J.:

{¶1} In this accelerated appeal, appellant J.W.[1] ("Father") appeals the juvenile court's order adopting the magistrate's decision imputing a minimum wage income of approximately $15,392 per year to S.B. ("Mother") for purposes of calculating the mother's child support obligation for the parties' minor children. Father assigns the following errors for our review:

**I. The trial court erred by abusing its discretion in failing to follow its own rulings which adopted and admitted into evidence various facts as set forth at trial, including but not limited to, several requests for admissions which had been submitted by appellant in the within matter.**

**II. The trial court erred and/or committed an abuse of discretion by failing to conduct a de novo review of the magistrate's decision in the within matter after objections were properly filed by appellant.**

{¶2} Having reviewed the record and pertinent law, we reverse the juvenile court's order and remand for further proceedings consistent with this opinion. The apposite facts follow.

{¶3} J.W. and S.B. are the parents of L.W. (d.o.b. 9/22/97), B.W. (d.o.b. 7/18/94), and J.W. (d.o.b. 2/27/90). From birth, the children resided primarily with the mother, and father was ordered to pay child support. On or about February 14, 2006, custody of the children was transferred to the father, but not before he had fallen significantly behind on his child support obligations.

---

[1]The parties are referred to by their initials in accordance with this court's policy regarding non-disclosure of identities in juvenile cases.

**{¶4}** On February 8, 2008, father filed a motion to establish a child support order against mother. On July 8, 2009, father followed up with a motion for past care. On March 8, 2010, the juvenile court terminated father's child support obligations effective February 14, 2006, the date custody of the children became vested in father.

**{¶5}** Thereafter, several hearings were held to determine mother's current, as well as, past due child support obligations. Ultimately, the matter proceeded to trial on July 25, 2011. On May 4, 2012, the magistrate issued her decision. On May 16, 2012, father timely filed objections to the magistrate's decision, sought an order for the preparation of the transcript, and filed a motion for leave to supplement his objections after the transcript was prepared.

**{¶6}** On May 25, 2012, prior to ruling on father's request for the preparation of the transcript and the motion to supplement his objections to the magistrate's decision, the juvenile court judge adopted the magistrate's decision.

### De Novo Review of Magistrate's Decision

**{¶7}** We begin with the second assigned error, which disposes of the instant appeal. Father argues the juvenile court erred and abused its discretion by failing to conduct a de novo review of the magistrate's decision after father timely filed his objections. We agree. Mother concedes the assigned error and agrees that the instant matter should be remanded to the juvenile court to comply with Juv.R. 40(D).

**{¶8}** Initially, we note, a party may object to the magistrate's decision within 14 days of its filing. Juv.R. 40(D)(3)(b)(i). Where a party objects to a magistrate's factual

finding, as in the instant case, the trial court must conduct an "independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *In re H.R.K.*, 8th Dist. No. 97780, 2012-Ohio-4054; Juv.R. 40(D)(4)(d). The independent review requires the trial court to "conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case." *Radford v. Radford*, 8th Dist. Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 13.

{¶9} To aid in the court's "independent review," if the objecting party has challenged a magistrate's finding of fact, the party must supply the trial court with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *In re H.R.K. supra*; Juv.R. 40 (D)(3)(b)(iii). Absent leave of the court, the objecting party has 30 days after filing objections to file the transcript or affidavit. *Id*.

{¶10} This court has held that it is an abuse of a trial court's discretion to adopt a magistrate's decision over an objection to factual findings prior to its receipt of a timely requested transcript or other materials necessary to properly conduct an independent review of the matter. *See In re R.C.*, 8th Dist. No. 96396, 2011-Ohio-4641, ¶ 8, citing *Savioli v. Savioli*, 99 Ohio App.3d 69, 71, 649 N.E.2d 1295 (8th Dist.1994) (holding that "a trial court abuses its discretion when it rules on objections to a [magistrate's] report without the benefit of a transcript").

**{¶11}** Because the juvenile court adopted the magistrate's decision before affording father the opportunity to obtain the transcript of the proceedings and supplement his objections, we cannot discern how the juvenile court judge could have conducted an independent review of the factual issues to have appropriately applied the law. For the foregoing reasons, we conclude that this matter must be remanded to the juvenile court for further proceedings consistent with Juv.R. 40. Accordingly, we sustain the second assigned error, reverse the juvenile court's judgment, and remand this matter for further proceedings consistent with the Rules of Juvenile Procedure.

**{¶12}** Based on the nature of our remand, we decline to address the merits of the first assigned error because they are not yet ripe for review.

**{¶13}** Judgment reversed and remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and

LARRY A. JONES, SR., J., CONCUR