[Cite as *In re K.D.W.*, 2017-Ohio-1280.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104273

---

# IN RE: K.D.W.
# A Minor Child

## [Appeal By A.W., Grandmother]

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 15107299

**BEFORE:** E.T. Gallagher, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 6, 2017

**ATTORNEY FOR APPELLANT**

John V. Heutsche
John V. Heutsche Co., L.P.A.
Hoyt Block Building, Suite 220
700 West St. Clair Avenue
Cleveland, Ohio 44113-1273


**ATTORNEYS FOR APPELLEE**

**For Father**

Oscar Trivers
Trivers & Dickerson, L.L.C.
8608 Quincy Avenue, Up
Cleveland, Ohio 44106

**For CCDCFS**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Michelle A. Myers
       Joseph C. Young
Assistant Prosecuting Attorney
Cuyahoga County Department of
Children and Family Services
3955 Euclid Avenue
Cleveland, Ohio 44115

**For CJFS**

BY:    Anthony R. Beery
Assistant Prosecuting Attorney
Cuyahoga Job and Family Services
4261 Fulton Parkway
Cleveland, Ohio 44144

**Guardian Ad Litem**

Pamela A. Hawkins
P.O. Box 43101
Richmond Hts., Ohio 44143

EILEEN T. GALLAGHER, J.:

{¶1}  Appellant, A.W., K.D.W's maternal grandmother, appeals an order of the Cuyahoga County Juvenile Court that awarded legal custody of K.D.W., a minor child, to his father ("Father").  A.W. raises two assignments of error:

> 1.  The trial court committed prejudicial error to A.W. by approving the magistrate's decision designating [Father] "residential parent legal custodian," when the evidence established that such designation is against the child's best interests.
>
> 2.  The trial court committed error prejudicial to A.W. when it approved the magistrate's decision without allowing A.W. the requisite 30 days to file the transcripts of proceedings supporting her objections.

{¶2} We find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court to conduct an independent review of the magistrate's decision.

## I.   Facts and Procedural History

{¶3} K.D.W. was born in March 2005 and lived with his mother, half-siblings, and maternal grandmother, A.W.   In May 2015, K.D.W.'s mother was murdered. Consequently, A.W. filed an application for legal custody of K.D.W. and his half-siblings.   In response to A.W.'s application, Father filed a motion to modify custody, also seeking custody of K.D.W.

{¶4} The case proceeded to a trial before a magistrate.   After hearing the evidence, the magistrate issued a decision designating Father as the residential parent and legal custodian of K.D.W.   A.W. filed timely objections to the magistrate's decision and requested a trial transcript.   The trial court granted her leave to file the transcript, but adopted the magistrate's decision the following day before the transcript could be

prepared and filed.   A.W. now appeals the trial court's judgment.

## II.  Law and Analysis

{¶5} A trial court has broad discretion in custody proceedings.   *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997), paragraph one of the syllabus. We, therefore, will not disturb a trial court's custody decision absent an abuse of discretion.

{¶6} In the first assignment of error, A.W. argues the trial court erred in designating Father as K.D.W.'s residential parent and legal custodian because the evidence established that custody with Father was not in K.D.W.'s best interests.   In the second assignment of error, A.W. argues the trial court erred in adopting the magistrate's decision without allowing 30 days to file the transcript of the proceedings.   In both assigned errors, A.W. contends the trial court failed to conduct a de novo review of the facts and an independent analysis of the issues before adopting the magistrate's decision. A.W. asserts the trial court could not have conducted an independent review of the magistrate's decision because the magistrate's decision "contains NO facts," and the trial court adopted the magistrate's decision without reviewing the trial transcript. (Appellant's brief at 9.)

{¶7} Juv.R. 40(D)(3)(ii), which governs magistrate's decisions, provides, in relevant part:

> [A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by the party or otherwise required by law.   A request for findings of fact and conclusions of law shall be made before entry of a magistrate's decision or within seven days after the

filing of the magistrate's decision.

Neither party in this case requested findings of fact or conclusions of law. Therefore, the magistrate was not required to make specific findings of fact in her decision.

{¶8} However, when ruling on objections to a magistrate's decision, a trial court is required to conduct an independent review of the case. *In re S.R.L.*, 8th Dist. Cuyahoga No. 102797, 2015-Ohio-5227, ¶ 49. Juv.R. 40(D)(4)(d) provides, in relevant part:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

*See also In re J.W.*, 8th Dist. Cuyahoga No. 98607, 2013-Ohio-268, ¶ 8 (reversing juvenile court's judgment where the court failed to conduct independent review of magistrate's order).

{¶9} In *In re H.R.K.*, 8th Dist. Cuyahoga No. 97780, 2012-Ohio-4054, ¶ 12, this court held that "it is an abuse of discretion to adopt a magistrate's decision over an objection to factual findings prior to its receipt of a timely requested transcript or other materials necessary to conduct an independent review of the matter." *See also Savioli v. Savioli*, 99 Ohio App.3d 69, 649 N.E.2d 1295 (8th Dist.1994) ("Trial court abuses its discretion when it rules on a referee's report without the benefit of a transcript.").

{¶10} Similarly, *In re R.C.*, 8th Dist. Cuyahoga No. 96396, 2011-Ohio-4641, ¶ 8, this court held that the trial court failed to conduct an independent review of the magistrate's decision designating father as the residential parent and legal custodian

because the trial court overruled mother's objections to the magistrate's decision on the same day it granted her motion for a transcript of the proceedings before the magistrate. *Id.* at ¶ 8. In reaching this conclusion, we explained:

> [T]he court must conduct "a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function."

*Id.* at ¶ 11, quoting *Knauer v. Keener*, 143 Ohio App.3d 789, 793-794, 758 N.E.2d 1234 (2d Dist.2001).

{¶11} The magistrate filed her decision in this case on February 2, 2016. In her objections to the magistrate's decision, A.W. challenged the magistrate's conclusion that designating Father as the residential parent and legal custodian of K.D.W. was in the child's best interests. In support of her objections, A.W. requested a trial transcript and listed several facts not discussed in the magistrate's decision, including the Guardian Ad Litem's recommendation that the court should award legal custody of K.D.W. to A.W.

{¶12} As previously stated, the trial court granted A.W. leave to file the transcript, but adopted the magistrate's decision the following day, without reviewing the transcript, which had yet to be filed. It was impossible for the trial court to independently review the magistrate's decision and A.W.'s objections without reviewing the transcript, especially since the magistrate's decision does not discuss any facts or provide any legal analysis.

{¶13} Therefore, the trial court abused its discretion in adopting the magistrate's

decision without conducting an independent review as required by Juv.R. 40(D)(4). Accordingly, the second assignment of error is sustained. However, because the trial court lacked all of the necessary evidence to determine whether awarding custody to Father is in K.D.W.'s best interests, the first assignment of error is overruled solely on grounds that it is premature.

{¶14} Judgment reversed. Case is remanded to the trial court for an independent review of the magistrate's decision and to determine whether awarding custody to Father or A.W. would serve K.D.W.'s best interests.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR