[Cite as *In re D.T.*, 2025-Ohio-3149.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE D.T., JR., ET AL. | : | |
| | | Nos. 114745 and 114747 |
| Minor Children | : | |
| [Appeal by D.T., Father] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 4, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. FA18107850 and FA18107851

---

### *Appearances:*

Fanger & Davidson LLC, Jeffrey J. Fanger, and Gerry
Davidson, *for appellant* D.T.

I.P., *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} This case involves the custody of two minor children, D.T., Jr., and I.D.T. The children's father D.T. ("Father") appeals from the juvenile court's December 30, 2024 judgment, which states that the court reviewed the decision of a magistrate denying Father's motion to modify custody/shared parenting/and parenting, and leaving I.P., the children's mother ("Mother"), as their legal

custodian and residential parent. For the reasons discussed below, we reverse and remand with instructions for the juvenile court to conduct an independent review of the matter that includes a review of the transcript of the July 31, 2024 hearing held on Father's motion.

**Factual and Procedural History**

{¶ 2} The record demonstrates that in February 2019, Mother and Father entered into a shared parenting plan. In April 2021, Mother filed a motion to modify custody, the shared parenting plan, and Father's parenting time. Mother's motion was based on Father's living situation at the time. In June 2021, the juvenile court held a hearing on Mother's motion. Mother and Father appeared at the hearing; both were unrepresented. Mother and Father agreed that Mother would be the sole legal custodian and residential parent of the children and Father would have parenting time. At the hearing, the magistrate stated the following regarding the change:

> So what you guys need to understand is I'll be happy to adopt this; but when things change; the only way you can change things is for the Court to change it. So if you [want to] go back to a shared parenting plan or something like that, you need to file something to come back into Court. Okay. Does everybody understand that?

{¶ 3} Both Mother and Father indicated that they understood the magistrate's statement. The change was memorialized in a July 2021 magistrate's decision. The decision stated that the "Court finds that the parties have knowingly, intelligently and voluntarily entered into an agreement regarding *modification* to their existing shared parenting agreement and legal custody which is incorporated

herein." (Emphasis added.) The decision designated Mother as the children's residential parent and legal custodian and ordered that Father's visitation would be by agreement of the parties. Neither party objected to or appealed the decision, and it was subsequently affirmed, approved, and adopted by the juvenile court.

{¶ 4} Sometime after the July 2021 order, Mother and the children moved from Cuyahoga County, Ohio to California.

{¶ 5} In October 2023, Father, pro se, filed the subject motion to modify custody/shared parenting/and parenting. In his motion, Father indicated that the status of custody of the children at that time was shared parenting. In November 2023, an attorney for Mother filed a notice of appearance, and in February 2024, an attorney for Father filed a notice of appearance.

{¶ 6} In March 2024, a magistrate held a hearing and found that the parties had competing positions on the status of custody of the children at that time. The court requested that the parties brief the status of custody, which they did.

{¶ 7} According to Father, for the July 2021 judgment to have effectuated a termination of the shared parenting plan it would have needed to specifically state that instead of using the word "modification." Mother, on the other hand, contended that the July 2021 judgment was a termination of the parties' shared parenting plan. The court also obtained and reviewed the transcript from the June 2021 hearing that resulted in the July 2021 order.

{¶ 8} After reviewing the parties' briefs and the transcript from the June 2021 hearing, the juvenile court stated the following:

[F]or purposes of clarity, this Court finds that the Shared Parenting Plan previously ordered on February 21, 2019 was terminated by post-decree on July 12, 2021. This Court will proceeded [sic] operating under the view that Mother has sole legal custody and is the residential parent of the children without a shared parenting plan in effect.

{¶ 9} On July 31, 2024, a hearing before a magistrate was held on Father's motion to modify custody/shared parenting/and parenting. On December 9, 2024, the magistrate issued a decision denying Father's motion. On December 13, 2024, Father filed objections to the magistrate's decision. On December 17, 2024, Father filed a request for the transcript of the July 2024 hearing, which the juvenile court granted. On December 20, 2024, Mother also requested the transcript and the juvenile court granted her request. On December 30, 2024, prior to the transcript being filed — which occurred in February 2025 — the juvenile court reviewed the magistrate's decision and entered judgment in accord with the decision.

{¶ 10} In its December 30, 2024 judgment, the juvenile court found that there was no change in circumstances that would warrant a modification in the custody of the children. The juvenile court modified Father's parenting time with specific orders. On January 10, 2025, Father filed his notice of appeal. On January 29, 2025, the juvenile court issued another judgment in which it overruled Father's objections and upheld the magistrate's decision.

{¶ 11} Father's appeal is from the juvenile court's December 30, 2024 judgment, and he has assigned seven assignments of error for our review. The first assignment of error is dispositive; the remaining assignments of error are set forth in the appendix. The first assignment of error reads:

I.    The Trial Court erred as a matter of law and/or abused its discretion by ruling on the Magistrate's Decision despite objections being timely filed but before the transcript was filed as the Trial Court was required to conduct an independent review.

**Law and Analysis**

{¶ 12} In his first assignment of error, Father contends that the juvenile court erred in issuing its December 30, 2024 decision prior to the transcript being filed with the court. According to Father, it would have been impossible for the court to conduct an independent review without the transcript, which is over 250 pages.

{¶ 13} Juv.R. 40(D)(3)(b) provides in relevant part as follows:

(b) Objections to magistrate's decision.

(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i).

. . .

(iii) Objection to magistrate's factual finding, transcript or affidavit. An objection to a factual finding . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available . . . . The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 14} Further, Juv.R. 40(D)(4)(d) provides that in ruling on timely objections to a magistrate's decision, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly

determined the factual issues and appropriately applied the law." The independent review requires the juvenile court to conduct a de novo review of the facts and to reach its own conclusions about the issues in the case. *In re Y.H.*, 2023-Ohio-2272, ¶ 32 (1st Dist.), citing *In re A.S.*, 2019-Ohio-2359, ¶ 20 (1st Dist.). This court has held that "'it is an abuse of discretion to adopt a magistrate's decision over an objection to factual findings prior to its receipt of a timely requested transcript or other materials necessary to conduct an independent review of the matter.'" *In re A.C.*, 2019-Ohio-5127, ¶ 21 (8th Dist.), quoting *In re H.R.K.*, 2012-Ohio-4054, ¶ 12 (8th Dist.); *see also In re I.R.Q.*, 2018-Ohio-292, ¶ 24-25 (8th Dist.).

{¶ 15} Here, Father timely filed his objections to the magistrate's decision within the 14-day period under Juv.R. 40(D)(3)(b). Father also requested a transcript, and the juvenile court granted the request. Before the 30 days allowed for filing the transcript lapsed, the court issued the subject judgment; thus, the juvenile court did not afford Father the opportunity to request an extension for the filing of the transcript.

{¶ 16} We note that the juvenile court did not rule on Father's objections until January 29, 2025; the court overruled the objections and affirmed, approved, and adopted the magistrate's decision. In its judgment, the court noted that no transcript had been filed as required under Juv.R. 40. Nonetheless, the juvenile court's December 30, 2024 entry — in which the court stated that it had undertaken an independent review of the matter and issued a judgment in accordance with the magistrate's decision — stood. Although the December 30 judgment did not make

specific mention of Father's objections to the magistrate's decision, it effectively overruled them. Apparently believing that the trial court had overruled his objections, Father filed his notice of appeal with this court on January 10, 2025.

{¶ 17} We further note that the juvenile court's December 30, 2024 judgment was a verbatim recitation of the magistrate's December 9, 2024 decision. In his decision, the magistrate ordered that "Mother shall provide her address and contact information to Mother in order to discuss setting up parenting time." The magistrate obviously meant that Mother was to provide her contact information to Father. However, the juvenile court approved, affirmed, and adopted the magistrate's order that Mother provide her contact information to herself — a clear indication that the court did not conduct an independent review as contemplated under Juv.R. 40.

{¶ 18} Given this posturing, the juvenile court abused its discretion by prematurely adopting the magistrate's decision without waiting for the transcript to be submitted in order to conduct the independent review required by Juv.R. 40(D)(4)(d). *In re A.C.* at ¶ 28; *In re Y.H.* at ¶ 36-37. "[A] juvenile court cannot 'purport to conduct an independent review of the evidence when it [knows] that there [is] a transcript of the trial being prepared.'" *In re Y.H.* at ¶ 34, citing *In re R.C.*, 2010-Ohio-4690, ¶ 7, fn. 1 (8th Dist.)

{¶ 19} Accordingly, Father's first assignment of error is sustained. The remaining assignments of error are rendered moot, and we are unable to address the issue of legal custody in this appeal.

**{¶ 20}** Judgment reversed and case remanded for the juvenile court to conduct an independent review that includes review of the transcript of July 31, 2024 hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, J., CONCURS AND CONCURS WITH THE SEPARATE CONCURRING OPINION;
EILEEN A. GALLAGHER, A.J., CONCURS (WITH SEPARATE OPINION)


EILEEN A. GALLAGHER, A.J., CONCURRING:

**{¶ 21}** I concur with my learned colleagues but write separately to point out the nonsensical orders set forth by the trial court and in the decision of the magistrate.

**{¶ 22}** The order requires that father, an Ohio resident, exercise his parenting time with the children in their current home state of California. That parenting time is for a period of eight weeks during the children's summer break,

"one-half of winter break" and "every spring break from 5:00 p.m. on the last day of school before the break until 8:00 p.m. the day before school resumes."

{¶ 23} Further, the trial court's order and decision of the magistrate state "FATHER SHALL EXERCISE PARENTING TIME IN A PUBLIC SETTING IN THE COMMUNITY IN WHICH THE CHILDREN RESIDE IN CALIFORNIA FOR THE AFOREMENTIONED TIMES" (Emphasis added). What in the world does this mean?

{¶ 24} Here is where the nonsensical enters the picture.

{¶ 25} Father lives and works in the Cleveland, Ohio area. In order to exercise his court ordered parenting time, he must travel to the state of California – something with which he takes no issue – but he must remain there during the parenting time frames including an 8-week period in the summer, in a public setting, with the children. Does this mean that Father and two children live and sleep in a public park, under the stars? Perhaps that would be necessary as, unless father is able to work remotely, he most likely will not be able to maintain stable employment in that he would be gone for 8 weeks each summer.

{¶ 26} With the order of remand that the trial court conduct an independent review that includes review of the transcript of the July 31, 2024 hearing, I would encourage and suggest that the trial court enter practical, non-nonsensical orders with respect to parenting time for Father.

Appendix: Assignments of Error II through VII

    II.    The Trial Court erred as a matter of law and/or abused its discretion in finding that "the argument before the court is whether the parties currently have a shared parenting plan in effect or not."

    III.    The Trial Court erred as a matter of law and/or abused its discretion in finding that a change in circumstances had not occurred and said decision is against the manifest weight of the evidence.

    IV.    The Trial Court erred as a matter of law and/or abused its discretion by ordering Father to have visitation with his children in the state of California ruling "Father's parenting time should occur in California, and if Mother visits Cleveland/Cuyahoga County, Ohio that Father should be able to exercise parenting time with the children in Cuyahoga County, Ohio if /when mother visits."

    V.    The Trial Court's finding that it was "the children's wishes" that the Father exercise parenting time in California is directly contrary to the evidence presented and an abuse of discretion.

    VI.    The Trial Court erred as a matter of law and/or abused its discretion when it ordered that Father must exercise his parenting time in the State of California absent Mother coming to Ohio and by ordering Father to exercise his parenting time in a public setting in the state of California and said Order is unconstitutional and contrary to Father's rights under the 14th Amendment to the U.S. Constitution and a violation of the Privileges and Immunities Clause Article IV, §2, cl. 1 and Father's due process rights as it is an unconstitutional restriction of Father's fundamental right to interstate travel and residency in Ohio.

    VII.    The Trial Court erred as a matter of law and/or abused its discretion by not ruling at trial on Father's cross examination question asking Mother's address which impeded Father's cross examination and impinged his rights to due process and by ultimately ordering "Mother shall provide her address and contact information to Mother in order to discuss setting up parenting time" in the court's final decision six months later.